## FLEISCHMANN CONSTRUCTION COMPANY ET AL. v. UNITED STATES TO THE USE OF FORSBERG ET AL.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 50. Argued October 15, 1925.—Decided March 1, 1926.

1. A bill of exceptions is not valid as to any matter that was not excepted to at the trial, and can not incorporate into the record *nunc pro tunc*, as of the time when an exception should have been taken, one which in fact was not then taken. P. 356.

2. In a law case tried by the District Court without a jury, (Rev. Stats. §§ 649, 700,) where there are no special findings of fact, and no exceptions to rulings of law taken during the trial and preserved by bill of exceptions, questions relating to matters of fact or conclusions of law embodied in the general finding are not reviewable. P. 355.

3. But preliminary rulings on the pleadings made by the District Court under its general authority, before the issues are submitted under the statutory stipulation, are reviewable as in ordinary cases, independently of the statute.  P. 357.

4. Under the Materialmen's Act, if suit on a contractor's bond be not brought by the United States "within six months from the completion and final settlement" of the contract, suit by any person who supplied labor or materials, etc., may be brought in the name of the United States, "within one year after the performance and final settlement of the contract," but not later. *Held* that allegations in the use plaintiff's declaration and in intervening petitions, that the contract was "completed and final settlement had" on a date specified, more than six months, but within a year, before institution of the suit, were not mere conclusions of law but allegations of fact.  P. 358.

5. Amendments, in such a suit, which do not set up a new cause of action, but merely supplement the defective statement of previously existing rights, relate back, and may be filed after expiration of the year following final settlement. So *held* where the amendments brought in a supplementary contract amending, but not otherwise affecting, the original construction contract.  P. 359.

6. The strict letter of an Act must yield to its evident spirit and purpose, when this is necessary to effectuate the intent; and unjust or absurd consequences are to be avoided if possible.  P. 359.

7. The Materialmen's Act provides that where suit is instituted by a creditor or creditors, only one action shall be brought, which must be within one year from "performance and final settlement" of the contract, and any creditor may file his claim and be made a party within one year from the completion of the "work" under the contract, and not later. *Held,* in view of the remedial purpose of the Act and the liberal construction called for, that intervening claimants, like original plaintiffs, have one year from final settlement.  P. 360.

8. Amendments *held* germane to causes of action originally alleged.  P. 362.

9. A judgment of the District Court may validly be entered at a term following that in which the case was heard and taken under advisement.  P. 363.

298 Fed. 330, affirmed.

ERROR to a judgment of the Circuit Court of Appeals which affirmed a judgment of the District Court (298

Fed. 320) recovered by the plaintiffs and intervening claimants, in a suit against a contractor and surety, under the federal Materialmen's Act.

*Mr. Levi H. David,* with whom *Mr. William F. Kimber* was on the brief, for plaintiffs in error.

*Mr. Bynum E. Hinton,* with whom *Messrs. David W. Kahn, Milton M. Leichter,* and *Isidor Weissberger* were on the briefs, for defendants in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This is a suit under the Materialmen's Act of 1894, 28 Stat. 278, c. 280, as amended by the Act of 1905, c. 778.[1] It was brought in the name of the United States by Forsberg, a materialman, as use plaintiff, in the federal district court for Eastern Virginia, to recover on a bond given by the Fleischmann Construction Company, as contractor, and the National Surety Company, as surety, for the construction, under a contract with the United States, of a torpedo assembly plant in Alexandria. Various materialmen and subcontractors filed intervening petitions in the suit. The plaintiff and the intervenors recovered judgment, 298 Fed. 320, which was affirmed by the Circuit Court of Appeals, 298 Fed. 330. This writ of error was allowed in March, 1924. A motion was interposed to dismiss the writ of error upon the ground that the record presents no question properly reviewable by this Court, or to affirm the judgment; the consideration of which was postponed to the hearing on the merits.

The Materialmen's Act, as amended,[1] provides that the usual penal bond required of anyone entering into a contract with the United States for the construction of any

---

[1] 33 Stat. 811. This is set forth in full in the margin of *Texas Cement Co.* v. *McCord,* 233 U. S. 157, 160, note 1.

public work, shall contain an additional obligation for
the payment by the contractor of all persons supplying
labor and materials in the prosecution of the work. Any
such person not thus paid may intervene in any action
instituted by the United States on the bond and obtain
judgment *pro rata* with other intervenors, subject to the
priority of the claim of the United States. If no suit is
brought by the United States "within six months from
the completion and final settlement" of the contract, any
such person shall have a right of action upon the bond,
and may, "within one year after the performance and
final settlement" of the contract, but not later, commence
suit against the contractor and his sureties, in the name
of the United States, for his use and benefit, in the federal
court of the district in which the contract was performed,
and prosecute the same to final judgment and execution.
Where suit "is so instituted by a creditor or by creditors,
only one action shall be brought; and any creditor may
file his claim in such action and be made party thereto
within one year from the completion of the work under
said contract, and not later." If the recovery on the bond
is inadequate to pay the amounts due to all of the credi-
tors, judgment shall be given to each *pro rata.*

The first question to be determined is whether any of
the matters presented by the assignment of errors—which
relate chiefly to the times at which the suit was brought
and the intervening petitions filed—are now open to
review upon the record.

Shortly outlined, the proceedings in the case were
these: The suit was brought by Forsberg on April 6, 1921.
The declaration alleged that the Construction Company
entered into a contract with the United States for the
construction of the plant and gave bond to secure its per-
formance, in October, 1918; and that this contract "was
completed and final settlement had on" September 25,
1920, "more than six months and within one year before"

the filing of the suit. The intervening petitions, which were filed between June 15 and September 24, 1921, contained substantially the same general averments as the declaration, and alleged further that they were filed "before the expiration of one year after the completion" of the contract. In December, 1921, the plaintiff, by leave of court, amended the declaration so as to allege that the original contract had been amended by a supplemental contract in May, 1919, and the defendants had thereafter executed an additional bond; and that the contract as amended "was completed and final settlement had" on September 25, 1920. The intervening petitions were likewise amended so as to incorporate substantially these same averments, and allege further that the petitions were filed "before the expiration of one year after the completion of said original contract as amended."

The defendants filed demurrers to the original and amended declaration and petitions. All of these were overruled. And the amended declaration and petitions were then put at issue under pleas filed by the defendants.

By agreement of all the parties the case was referred to a special master to hear the evidence and find the facts. In his report, he found that the work was completed February 5, 1920, and that the date of final settlement was October 1, 1920.

Thereafter, in April, 1923, before action had been taken on this report, the parties filed a written stipulation, under § 649 of the Revised Statutes, waiving a jury and agreeing that all the issues might be tried and determined by the court.

In August, the District Judge handed down an extended written opinion in which he considered the entire case as to the facts and law, and concluded, *inter alia,* that the master had found correctly that the date of the final settlement was October 1, 1920; that it was unnecessary to determine the date on which the work had been com-

pleted, since the intervenors had filed their petitions within one year after the final settlement; that the actions were not barred because the amendments setting up the supplemental contract were made more than a year after the final settlement, the original and supplemental contracts being one and the same, and the amendments relating back to the bringing of the original suit and the filing of the original petition; and that the claims of the plaintiff and the intervenors were severally established. No special findings of fact had been requested; and none were made.

On the same day a judgment was entered, which "for reasons stated" in the opinion, awarded the plaintiff and the intervenors recoveries upon their several claims, the aggregate of which was less than the amount of either bond.

The defendants, without having excepted to any of the rulings or conclusions of the court or requested any special findings of fact, sued out, in September, a writ of error from the Circuit Court of Appeals. After this writ had issued, however, the District Judge, in October, granted them a "bill of exceptions," which recited that the court had filed its opinion and entered its final judgment on the same day, without notice to the parties; set forth various exceptions then, for the first time, noted by the defendants "to the rulings, findings of fact and conclusions of law by the court" in the opinion and judgment; and stated that, by reason of the circumstances, these exceptions were "to be taken as severally made at the time thereof and before the entry of judgment thereon." And later the District Judge granted them another "bill of exceptions," embodying the evidence and the proceedings before the master, and setting forth in the same manner other exceptions to be taken, for like reason, as made before the entry of the judgment.

The Circuit Court of Appeals disposed of the case in a *per curiam* opinion stating that, while there was a serious

question whether there was anything before it because of the want of due exceptions, it preferred to rest the affirmance of the judgment on the merits, as it thought the District Court was clearly right on all the points decided.

1. The assignment of errors challenges the affirmance of the judgment because of the action of the District Court in overruling the demurrers to the original and amended declaration and petitions; in allowing the amendments to the original declaration and petitions; and in making various other "holdings" and "findings" in reference to matters of law and fact. It is clear that none of these questions are open to review except those which arise upon the pleadings.

Section 700 of the Revised Statutes—re-enacting a like provision in the Act of March 3, 1865, c. 86 [2]—provides that when an issue of fact in a civil cause is tried and determined by the court without the intervention of a jury, according to § 649, "the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed" upon writ of error; "and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. *Insurance Co.* v. *Tweed,* 7 Wall. 44, 51; *Dickinson* v. *Planters' Bank,* 16 Wall. 250, 257; *Raimond* v. *Terrebonne Parish,* 132 U. S. 192, 194; *British Mining Co.* v. *Baker Mining Co.,* 139 U. S. 222; *York* v. *Washburn* (C. C. A.), 129 Fed. 564, 566; *United States* v. *Stock Yards Co.* (C. C. A.), 167 Fed. 126, 127. And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry

[2] 13 Stat. 500, 501.

into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. *Norris* v. *Jackson,* 9 Wall. 125, 128; *Miller* v. *Insurance Co.,* 12 Wall. 285, 300; *Dickinson* v. *Planters' Bank, supra,* 257; *Insurance Co.* v. *Folsom,* 18 Wall. 237, 248; *Cooper* v. *Omohundro,* 19 Wall. 65, 69; *Insurance Co.* v. *Sea,* 21 Wall. 158, 161; *Martinton* v. *Fairbanks,* 112 U. S. 670, 673; *Boardman* v. *Toffey,* 117 U. S. 271, 272; *British Mining Co.* v. *Baker Mining Co., supra,* 222; *Lehnen* v. *Dickson,* 148 U. S. 71, 73; *St. Louis* v. *Telegraph Co.,* 166 U. S. 388, 390; *Vicksburg Ry.* v. *Anderson-Tully Co.,* 256 U. S. 408, 415; *Law* v. *United States,* 266 U. S. 494, 496; *Humphreys* v. *Third National Bank* (C. C. A.), 75 Fed. 852, 855; *United States* v. *Stock Yards Co., supra,* 127. To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. *Norris* v. *Jackson, supra,* 129; *Martinton* v. *Fairbanks, supra,* 673. That is, as was said in *Humphreys* v. *Third National Bank, supra,* 855, "he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits."

These rules necessarily exclude from our consideration all the questions presented by the assignment of errors except those arising on the pleadings. All the others relate either to matters of fact or to conclusions of law embodied in the general finding. These are not open to review, as there were no special findings of fact and no

exceptions to the rulings on matters of law, were taken during the progress of the trial or duly preserved by a bill of exceptions. The defendants offered no exceptions to the rulings of the court until after the writ of error had issued, transferring jurisdiction of the case to the Court of Appeals. And the recitals in the subsequent "bills of exceptions" that the exceptions, then for the first time presented, were to be taken as made before the entry of the judgment, are nugatory. A bill of exceptions is not valid as to any matter which was not excepted to at the trial. *Walton* v. *United States,* 9 Wheat. 651, 657; *Insurance Co.* v. *Boon,* 95 U. S. 117, 127. And it cannot incorporate into the record *nunc pro tunc* as of the time when an exception should have been taken, one which in fact was not then taken. *Walton* v. *United States, supra,* 658; *Turner* v. *Yates,* 16 How. 14, 29.

The statute, however, relates only to those rulings of law which are made in the course of the trial, and by its terms has no application to the preliminary rulings of the District Judge made, in the exercise of his general authority, before the issues are submitted to him for hearing under the statutory stipulation. Such rulings on the pleadings and the sufficiency of the complaint are therefore subject to review as in any other case, independently of the statute. *Norris* v. *Jackson, supra,* 128; *Martinton* v. *Fairbanks, supra,* 673; *Lehnen* v. *Dickson, supra,* 72; *St. Louis* v. *Telegraph Co., supra,* 390; *Vicksburg Railway* v. *Anderson-Tully Co., supra,* 415. And see *Campbell* v. *Boyreau,* 21 How. 223, 226; *Bond* v. *Dustin,* 112 U. S. 604, 606, *Erkel* v. *United States* (C. C. A.), 169 Fed. 623, 624, and *Ladd Bank* v. *Hicks Co.* (C. C. A.), 218 Fed. 310, 311, as to the questions which are open to review where the case is heard by the judge by consent, but without the jurisdictional stipulation.

Since, therefore, the questions arising on the pleadings in this case are now open to review, the motion to dismiss the writ of error must be denied.

2. This brings us to the consideration of the questions arising on the pleadings as to which errors are assigned. We may assume for present purposes, without deciding, that the defendants did not waive their demurrers by pleading over to the merits after they had been overruled. Compare, however, *Young* v. *Martin,* 8 Wall. 354, 357; *Stanton* v. *Embrey,* 93 U. S. 548, 553; *Teal* v. *Walker,* 111 U. S. 242, 246; *Bauserman* v. *Blunt,* 147 U. S. 647, 652; *Nalle* v. *Oyster,* 230 U. S. 165, 174; *Denver* v. *Home Savings Bank,* 236 U. S. 101, 104; *Harper* v. *Cunningham,* 8 App. D. C. 430, 434.

The demurrers to the original declaration and petitions were based upon the grounds that they were insufficient in law, since the averment in the declaration that the contract was completed and final settlement had on September 25, 1920, was a mere conclusion of law, and the facts averred did not show that a right of action had accrued or that the court had jurisdiction of the cause when the suit was instituted. And the demurrers to the amended declaration and petitions were based on like grounds, and on the further ground that they set up new causes of action and were not filed within the times required by the Materialmen's Act.

These demurrers were rightly overruled. The averments in the declaration, as originally filed and as amended, that the contract between the Construction Company and the United States was completed and finally settled on September 25, 1920, were not mere conclusions of law, but specific averments of an ultimate fact, appropriately pleaded. And since, as appeared from the record, the original suit was brought on April 6, 1921, they showed upon their face that it was instituted more than six months and "within one year after the performance and final settlement" of the contract, as required by the Act; thereby tendering an issue of fact as to the date of the final settlement which was conclusively

determined against the defendants by the general finding of the court.

And although the amended declaration and petitions showing the supplemental contract between the Construction Company and the United States, were filed more than one year after the date of the final settlement, they did not set up new causes of action at a time beyond that permitted by the Act. The original declaration set forth a provision in the original bond that it was given to secure the performance of the contract "as it now exists or may be modified according to its terms." And the supplemental contract—a copy of which was attached to and made a part of the amended declaration—specifically provided that it should be regarded as amendatory of the original contract; that all provisions and requirements of the original contract should remain in full force, except as specifically changed; and that the original bond should not be released or otherwise affected, but should remain in full force as though the changes provided for had been included in the original contract; and it expressly recited that the Surety Company, which also signed the supplemental contract, was made a party thereto "for the purpose of extending the obligation of said bond to cover the changes herein provided." It is clear that the amended declaration and petitions did not set up new causes of action, but merely supplemented by appropriate allegations the defective statements of the rights which had existed when the original declaration and petitions were filed; and that the amendments when made related back, by operation of law, to the dates on which the original suit was brought and the original petitions filed. *Texas Cement Co.* v. *McCord,* 233 U. S. 157, 164; *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214, 222.

Furthermore, it was not essential that the petitions should allege the date on which the work was completed, in order to show that the intervenors' rights of action had

accrued when the claims were filed. It is urged that while the Act permits the original suit to be brought "within one year after the performance and final settlement" of the contract, it requires intervening creditors to file their claims in such action "within one year from the completion of the work" under the contract. It is obvious that if this latter provision is to be taken literally, the time allowed intervening creditors in which to file their claims would expire earlier than the time allowed for bringing the original suit, since such suit might be instituted within one year after the final settlement, but other creditors could only intervene within one year after the completion of the work, a period necessarily terminating within less than a year after the final settlement.

The strict letter of an act must, however, yield to its evident spirit and purpose, when this is necessary to give effect to the intent of Congress. *Holy Trinity Church* v. *United States,* 143 U. S. 457, 459; *Ozawa* v. *United States,* 260 U. S. 178, 194. And unjust or absurd consequences are, if possible, to be avoided. *Lau Ow Bew* v. *United States,* 144 U. S. 47, 59; *Hawaii* v. *Mankichi,* 190 U. S. 197, 213.

The purpose of the Materialmen's Act, which is highly remedial and must be construed liberally, is to provide security for the payment of all persons who supply labor or material in a public work, that is, to give all creditors a remedy on the bond of the contractor, to be enforced within a reasonable time in a single proceeding in which all claimants shall unite. *Bryant Co.* v. *Steam Fitting Co.,* 235 U. S. 327, 337; *Illinois Surety Co.* v. *Davis,* 244 U. S. 376, 380. In resolving the ambiguities in its provisions the court must endeavor to give coherence to them in order to accomplish the intention of Congress, and adapt them to fulfill its whole purpose. *Bryant Co.* v. *Steam Fitting Co., supra,* 337, 339. In this case it was further stated, as the premise on which the court rested

the solution of the particular ambiguity there involved, that the Act "imposes a limitation of time on all claimants, . . . beginning to run from the same event," that is, the performance and final settlement of the contract; and that, just as the creditor who institutes the original suit has one year from the final settlement in which to commence the action, other creditors must file their claims "within the same limit of time." A like construction of the Act was also adopted in *Pederson* v. *United States* (C. C. A.), 253 Fed. 622, 626, and *London Indemnity Co.* v. *Smoot* (App. D. C.) 287 Fed. 952, 956. And this we now confirm.

By the terms of the Act no creditor can institute a suit until after six months from the completion and final settlement of the contract, within which period the United States alone has the right to commence an action. *Texas Cement Co.* v. *McCord, supra,* 163; *Miller* v. *Bonding Co.,* 257 U. S. 304, 307. And if a suit is then instituted by a creditor or creditors, "only one action shall be brought," and all shall file their claims in that suit. If, therefore, the provision limiting the right of other creditors to file their claims to twelve months after the completion of the work, is to be taken literally, the result would be that where, for any reason, the final settlement of the contract between the United States and the contractor is delayed until more than six months after the completion of the work, as may frequently happen, the only creditors who could recover on the contractor's bond would be those who should succeed in first commencing a suit after the expiration of the six months from the final settlement, since more than a year having then elapsed after the completion of the work, other creditors would be debarred from any recovery whatever, either in the suit thus brought or in any independent action. In such case the bond would be appropriated solely to the payment of the debts due the creditors who instituted the suit; and to

the extent of any surplus the contractor and his surety would be entirely released from liability.

It is clear, considering the entire provisions of the Act, that such an anomalous and unreasonable result was not intended, frustrating the plain purpose that the bond should inure to the benefit of all creditors and that all should share *pro rata* in the recovery. And to give effect to the manifest intention of Congress it must be held that the phrase "within one year from the completion of the work" was used in reference to the filing of intervening claims in the same sense as the phrase "within one year after the performance and final settlement of the contract" in reference to the commencement of the original suit; that is to say, not only that the original suit may be commenced within one year after the performance and final settlement of the contract but that other creditors may file their claims in such suit within the same period of time. In other words, as was said in the *Bryant Co. Case,* there is the same limit of time for the commencement of the suit and for the filing of intervening claims, "beginning to run from the same event," namely, the performance and final settlement of the contract; thereby avoiding a race of diligence between creditors and bringing about the equality in the distribution of the avails of the bond among all creditors which Congress obviously intended.

3. We find no error in the allowance of the amendments to the declaration and petitions, setting up the supplemental contract. Aside from the fact that the defendants did not object to the allowance of these amendments or except to the orders of the court permitting them to be made, they were plainly germane to the causes of action originally alleged; and, as already stated, did not bring in any new causes of action. Their allowance was entirely proper. *Illinois Surety Co.* v. *Peeler, supra,* 222.

4. It is also contended that the judgment of the District Court is void for the reason that it is recited in one of

the "bills of exceptions," and in a memorandum subsequently filed by the District Judge, that the case was heard and taken under advisement in April, while the opinion was filed and the judgment entered in August, that is, after the commencement of a new term of court. There was no exception to the judgment on this ground, and no assignment of error in reference to this matter. And even if the statements thus made by the District Judge, after the writ of error had issued, could be looked to for the purpose of contradicting a specific recital in the judgment that it was entered on the same day on which the case was heard and argued, the contention is in conflict with the long established practice and immemorial usage of the federal courts in this respect, and entirely wanting in merit.

The judgment of the Circuit Court of Appeals is

*Affirmed.*