## SOUTHERN PAC. CO. v. KALBAUGH et al.

Circuit Court of Appeals, Ninth Circuit.
April 18, 1927.

Rehearing Denied May 16, 1927.

No. 5007.

1. **Appeal and error** ⟲850(2)—**General finding in action tried to court is conclusive on facts, and evidence and is not reviewable (Comp. St. § 1668).**

In an action at law tried to the court without a jury, where special findings are not made, the general finding is conclusive on the facts, and an appellate court cannot review the evidence, but only rulings made during the progress of the trial, duly excepted to and presented by bill of exceptions, in view of Rev. St. § 700 (Comp. St. § 1668).

2. **Appeal and error** ⟲1054(1)—**Admission of improper testimony is not ground for reversal in action tried without jury.**

Where a case is tried to the court without a jury, it is common practice to admit testimony of doubtful competency or relevancy in order to make up the record and avoid even the possibility of error, and an appellate court should not reverse a judgment in a case so tried because of admission of improper testimony, unless prejudice appears, and that can only be made to appear when the merits of the case are brought before the court for review.

In error to the District Court of the United States for the Northern Division of the Northern District of California; George M. Bourquin, Judge.

Action by the Southern Pacific Company against Del Kalbaugh and James Moxley. Judgment for defendants, and plaintiff brings error. Affirmed.

Frank Thunen, of San Francisco, Cal., for plaintiff in error.

H. W. Zagoren, of Sacramento, Cal., and Lynne Kelly, of Grass Valley, Cal., for defendants in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was an action in ejectment to recover possession of a

narrow strip of land in Shasta county, state of California. The plaintiff claimed title as successor in interest to the original grantees under the Act of July 25, 1866 (14 Stat. 239), granting lands in aid of the construction of a railroad and telegraph line from the Central Pacific Railroad in California to Portland in the state of Oregon. By section 3 of the act there was granted a right of way through the public lands for the construction of the railroad and telegraph line to the extent of 100 feet in width on each side of the railroad where it passed over public lands. The defendants claimed title as successors in interest to the original patentee under a patent from the United States bearing date July 10, 1883.

The rule is well settled that a grant of a right of way, such as this, is a grant in præsenti, and a party subsequently acquiring a parcel of such lands takes it subject to the right of way or easement. Railroad Co. v. Baldwin, 103 U. S. 426, 26 L. Ed. 578. It is equally well settled that when the line of railroad is definitely located, the grant attaches to that particular location and the right or title of a settler is not affected by a subsequent change in the location. Missouri, Kansas & Texas Railway v. Cook, 163 U. S. 491, 16 S. Ct. 1093, 41 L. Ed. 239. The plaintiff relied upon one location; the defendants upon another. The plaintiff contended that the map of definite location was not filed until 1887, subsequent to the date of the patent, while the defendants contended that the map of definite location was filed in 1871, prior to the date of the patent. The strip of land in controversy is a part of the right of way under the 1887 location, but no part of the right of way under the 1871 location.

[1] Let us now turn to the record brought here for review. The parties waived a jury, by stipulation in writing, and the action was tried before the court without a jury. At the close of the testimony there was no request for findings in favor of the plaintiff, either general or special. The case was merely submitted on briefs to be thereafter filed. Later the court filed a short opinion, stating that the map of 1871 was a definite location of the railroad, and concluding therefrom that the plaintiff was not entitled to recover. In this state of the record the rule is too well settled to admit of further discussion that an appellate court cannot review the testimony or inquire into the facts.

"And it is settled by repeated decisions that, in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. * * * To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. * * * That is, as was said in Humphreys v. Third National Bank, supra, 855, 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits.'" Fleischmann Co. v. United States, 270 U. S. 349, 355, 46 S. Ct. 284, 287 (70 L. Ed. 624).

Even if the brief opinion of the trial court could be construed as a special finding, neither the finding itself nor the conclusion of law was excepted to. The right of review is therefore limited to rulings of the court in the progress of the trial, excepted to at the time and duly presented by bill of exceptions. Revised Statutes, § 700 (Comp. St. § 1668).

[2] For these reasons the only assignments of error we are at liberty to consider are the first and second, based on the admission in evidence of the patent under which the defendants claimed and the location map filed in 1871. The court below was entitled to have all the claims of the respective parties before it, in order that it might determine finally which one should prevail, and to compel it to rule definitely and finally on the legal effect of all testimony when offered would be to compel it to decide on the merits of the case in advance and before final submission. Of course, the court might have admitted the documents conditionally, or reserved its ruling until later, but it was under no obligation to do so. Where a case is tried before the court without a jury, it is the common practice to admit testimony of doubtful competency or relevancy, in order to make up the record and avoid even the possibility of error, and an appellate court should not reverse a judgment or decree in a case thus tried because of the admission of improper testimony, unless prejudice appears, and that can only be made to appear when the merits of the case are brought before the court

for review. Thus, in Geiger v. Tramp (C. C. A.) 291 F. 353, it was held that a ruling admitting a trust deed in evidence over objection was not reviewable, where the adverse party did not request a declaration of law as to its legal effect and except to the ruling thereon. And in admitting the testimony in this case the court below made no ruling as to its legal effect, nor was any such ruling necessarily implied.

For this reason we are of opinion that no error was committed in the admission of testimony, and the judgment of the court below must therefore be affirmed.

It is so ordered.