## ASSOCIATED INDUSTRIES INS. CORPORATION v. NEW AMSTERDAM CASUALTY CO. et al.

Circuit Court of Appeals, Fifth Circuit.
November 21, 1928.

No. 5291.

Neal Powers, of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for appellant.

Walter Nelson and John Davenport, both of Wichita Falls, Tex. (Walter Nelson, Jr., of Wichita Falls, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellee, New Amsterdam Casualty Company (here-in referred to as the Casualty Company) brought a suit in a court of the state of Texas to set aside a finding of the Industrial Accident Board of the state of Texas, which directed the Casualty Company and the appellant, Associated Industries Insurance Corporation, to pay to Roy McCollum $19.-14 a week for the period of 200 weeks. On the petition of the appellant that suit was removed to the court below. After the filing of a stipulation of the parties waiving a jury, the issues raised by the pleadings were tried by the court, which, without making any special finding on the facts, adjudged that Roy McCollum recover from appellant a stated sum, and that none of the parties recover of the Casualty Company. What is called the bill of exceptions does not show that any ruling of the court in the progress of the trial was excepted to, or that prior to the rendition of the judgment there was a motion for judgment against the Casualty Company or for declaration of law that appellant was entitled to judgment; the exception reserved being to the judgment after it was rendered. The appellant complains of the judgment, so far as it was in favor of the Casualty Company.

The case arose under the Workmen's Compensation Law of Texas. Revised Civil Statutes of Texas 1925, arts. 8306, 8307, § 5. The pleadings disclosed that, at the time Roy McCollum was injured, there were in force a workmen's compensation insurance policy of the appellant, issued to Cranfill Bros. Drilling Company, an employer, and a similar policy of the Casualty Company issued to C. E. Rogers, another employer. The appellant's pleadings contained allegations to the effect that at the time Roy McCollum was injured he was acting as an employee, not of Cranfill Bros. Drilling Company alone, but of Cranfill Bros. Drilling Company and C. E. Rogers, while the two insured were jointly employed in drilling an oil well. The Casualty Company's pleading contained an allegation to the effect that, when C. E. Rogers and Cranfill Bros. Drilling Company entered into a contract for the drilling of a well, the same created an entirely new entity, and that the Casualty Company by the issuance of its policy did not agree to said entity. That pleading also alleged that the Casualty Company's policy was issued to cover only employees of C. E. Rogers, that Roy McCollum was never in the employ of C. E. Rogers during the time the Casualty Company's policy was in existence, and that the Casualty Company is not liable under the Workmen's

Compensation Act of the state of Texas and the amendments thereto.

██ The judgment having been rendered without the question whether the evidence did or did not require a finding against the Casualty Company having been raised, by presenting it to the court and obtaining a ruling thereon, the court's finding on the evidence in favor of the Casualty Company is not presented for review. Fleischman Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478. The judgment in favor of the Casualty Company is not subject to be reversed because of anything contained in its pleading. There was no semblance of an admission by it that it was liable in any event. The record does not show that the judgment in its favor was erroneous.

The judgment is affirmed.