## SAUNDERS SYSTEM OF COLORADO SPRINGS, COLO., v. KELLEY.*

Circuit Court of Appeals, Eighth Circuit.
January 14, 1929.

No. 8033.

James H. Teller and Fred N. Holland, both of Denver, Colo. (H. Berman, of Denver, Colo., on the brief), for plaintiff in error.

Charles R. Enos, of Denver, Colo. (Thomas I. Purcell, of Colorado Springs, Colo., and Harold H. Healy and Theodore A. Chisholm, both of Denver, Colo., on the brief), for defendant in error.

Before BOOTH and COTTERAL, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge. Plaintiff in error seeks relief from a judgment recovered against it by the defendant in error in the trial court. In that court plaintiff in error was defendant and defendant in error was plaintiff, and these designations will be used in this opinion.

At the outset we are confronted with questions of law which make a statement of facts on the merits of the case unnecessary.

█ 1. Defendant in its brief uses the following language as and for "a specification of the errors relied upon": "The denial of the motion for a directed verdict is assigned as error and is the principal matter discussed in this brief."

It is urged by plaintiff that this is an insufficient compliance with rule 24 of this court, which requires "a specification of the errors relied upon, which in cases brought

*Rehearing denied May 2, 1929.

up by writ of error shall set out separately and particularly each error asserted and intended to be urged."

The defendant did not technically comply with this rule, but under the authority of Klink v. Chicago, R. I. & P. Ry. Co. (C. C. A.) 219 F. 457, loc. cit. 462 and 463, it will be deemed sufficient because, as said in that case: "It is true that the assignment of error that the court erred in rendering judgment against the plaintiffs in error on the pleadings is not set forth in the brief of their counsel under the direct head of 'specification of errors,' but as it is about the only question discussed in the whole brief, we think it would be hypercritical not to consider the point raised for this reason."

In like manner it was stated in McCullough v. Satterthwait (C. C. A.) 11 F.(2d) 111, loc. cit. 112, as follows: "The omission is disapproved, but inasmuch as all of the assignments of error raise in one form or another the single question of the sufficiency of the evidence to sustain the findings of the special master and the court below, we have concluded to consider the merits of the appeal and to overlook the non-observance of the rule."

█ 2. When defendant's motion for a directed verdict was overruled by the court, no exception was taken. This being the only question presented on appeal, we are precluded from a consideration thereof.

McFarland v. Central Nat. Bank (C. C. A.) 26 F.(2d) 890, loc. cit. 892, states the rule:

"Nor does the record in this case present to this court any reviewable question of law. Take the question whether or not there was any substantial evidence to sustain the judgment, and other questions of law to which counsel refers in this case, and none of them are reviewable under the established rules of practice of the federal courts, stated by this court more than 10 years ago in Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, 63, and often since. We there said:

" 'The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial. * * * There is another reason why no reviewable question of law is presented to this court in this case. A trial court is entitled to a clear specification by exception of any ruling or rulings

which a party challenges and desires to review, to the end that the trial court itself may correct them, if so advised, and, if it fails to do so, that there may be a clear record of the rulings and the challenges thereof. For this purpose a rule has been firmly established that an exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling.' "

To the same effect is Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624, Grainger Bros. Co. v. Amsinck & Co. (C. C. A.) 15 F.(2d) 329.

In view of the foregoing, there is nothing before this court for its consideration, and the judgment of the trial court must be affirmed.