## MORRISON MILL CO. v. HARTFORD FIRE INS. CO. OF HARTFORD, CONN.

Circuit Court of Appeals, Ninth Circuit. November 18, 1929.

No. 5898.

Bogle, Bogle & Gates, Lawrence Bogle, Cassius E. Gates, and Claude E. Wakefield, all of Seattle, Wash., for appellant.

Cosgrove & Terhune, Howard G. Cosgrove, and Robert S. Terhune, all of Seattle, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges. ·

DIETRICH, Circuit Judge. Appellant brought this action to recover for damages to

a scow load of shooks covered by a policy of marine insurance issued by appellee. In tandem tow the loaded scow, bound for Seattle, left Anacortes at 12:45 p. m. August 1, 1927. At that time, the testimony tended to show, she had a list of about 4 inches and a rake of from 2 to 3 inches and had water to a depth of from 4 to 6 inches in the lowest corner. Loaded and in that condition she had a freeboard of about 18 inches on one side and 14 on the other. Three hours later the tow encountered a southerly wind and ground swells, but of a not unusual character. Half an hour thereafter, 4:15 p. m., it was observed that the barge had a list of 9 or 10 inches. At that time there had been no known mishap or casualty and the wind was blowing only about 15 or 20 miles an hour with the swells just beginning to break. Upon opening up a hatch it was found that the water in the low corner had reached a depth of about 13 inches. It was pumped down to a depth of 4 or 5 inches and the hatch cover replaced, whereupon the tug proceeded to take the tow out of the "tide rips." At the end of a half hour it was noticed that the barge was again listing, and upon opening up the hatch it was found that in the half hour she had made approximately as much water as had been pumped out. In an effort again to remove the water the pump became useless, whereupon the tug with the two barges in tow headed for Port Townsend, the nearest point of refuge. The barge continued to take water, with the result that upon arrival at Port Townsend about 8 o'clock in the evening, her deck was 5 feet under water and the submerged portion of her cargo was thus damaged.

By stipulation in writing the parties waived trial by jury and at the close of the evidence the defendant moved for judgment of dismissal. Upon a consideration of all the evidence, both that for the plaintiff and that for the defendant, the court granted the motion and entered final judgment accordingly. From the judgment plaintiff appeals.

Neither party asked for findings, general or special, and none was made. There was no request for a ruling upon any principle of law, nor were any exceptions taken throughout the course of the trial other than an exception to the order for final judgment. The court filed a written opinion in which are discussed generally the application of a statutory provision which defendant invoked as a distinct defense, and the evidence bearing upon another question which was purely one of fact, namely, whether the barge was seaworthy when she left Anacortes. The conclu-

sion reached by the court upon this latter issue, apart from all other considerations, admittedly required judgment for the defendant. Under a well-established rule (Fleischmann Const. Co. v. United States, 270 U. S. 349, 355, 46 S. Ct. 284, 70 L. Ed. 624) we are not at liberty to treat as a statutory "finding" a conclusion stated in the course of a general opinion. But if we were permitted so to do, the conclusion that the barge was unseaworthy could not be held to be without substantial support in the evidence. Hence the record presents no reviewable question of law, and the judgment must be affirmed.