## DOMENECH, Treasurer, v. PORTO RICAN LEAF TOBACCO CO.

### No. 2521.

Circuit Court of Appeals, First Circuit.

May 28, 1931.

William C. Rigby, of Washington, D. C. (James R. Beverley, Atty. Gen., and Blanton

Winship, of Washington, D. C., on the brief), for appellant.

Henri Brown, of San Juan, Porto Rico, for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

■ This is a suit to recover inspection fees for the years 1925 to 1928, inclusive, aggregating $38,187.80. In the court below jury was duly waived; the court found generally for the defendant. No rulings were requested, no exceptions were taken to the admission or rejection of evidence, and no special findings of fact were requested or made. On such a record, the review by the appellate court is very limited. Fleischmann Construction Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; United States v. Smith (C. C. A.) 39 F.(2d) 851, and cases cited.

■■ The judgment below might be affirmed on any one of several grounds. The case involves the validity of the same acts of the Porto Rican Legislature before this court in Gallardo v. Porto Rican American Tobacco Co., 26 F.(2d) 668. This court there held that the so-called inspection fees were in reality taxes, and that therefore a suit brought in equity to enjoin the collection thereof must be dismissed for lack of jurisdiction, under the Act of March 4, 1927, 44 Stat. c. 503, § 7, pp. 1418, 1421 (48 USCA § 872).

The title of the Act, No. 19 of 1923 Sp. Sess., amended by Act No. 100 of August 29, 1925, and Act No. 24 of April 23, 1927, is as follows:

"To protect Porto Rican tobacco and cigars against fraud and adulteration by means of a guaranty and advertising agency in the City of New York, United States; the issue of guaranty stamps determining the origin of the tobacco, and by adequate expert inspection; establishing an inspection fee to defray such expenses as the application of this act may occasion; to impose certain penalties for the violation of the provisions of this act; to repeal Act No. 14, approved May 13, 1921, and for other purposes."

We must hold the act invalid under section 34 of the Organic Act of Porto Rico, 39 Stat. 951, c. 145 (48 USCA § 832), which reads:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

Compare Benedicto v. Porto Rican American Tobacco Co. (C. C. A.) 256 F. 422.

Giving the title a reasonable and not a narrow and technical construction (Benedicto v. Porto Rican American Tobacco Co. [C. C. A.] 256 F. 422, 425, 426, and cases cited), it is clear that it gave no notice of the contemplated purpose of the Legislature to impose taxes rather than inspection fees. Inspection laws are a well-recognized type of legislation. Foote & Co. v. Maryland, 232 U. S. 494, 34 S. Ct. 377, 58 L. Ed. 698; Minnesota v. Barber, 136 U. S. 313, 10 S. Ct. 862, 34 L. Ed. 455, and cases cited and reviewed by Mr. Justice Harlan.

We add that neither the act nor its administration, as shown by the opinion of the court below, provides for any real inspection of Porto Rican tobacco and cigars. Section 5, as amended by the Act of 1927, provides, in part, as follows:

"Section 5. Guaranty stamps shall be furnished gratis and an inspection fee shall be charged only in the manner following: Every manufacturer, dealer in or stripper of tobacco in Porto Rico, who uses, sells or ships tobacco, *whatever its origin may be,* shall pay an inspection fee of twenty (20) cents for each one hundred pounds of tobacco or fraction of one hundred pounds used, sold or shipped by him during the month. (Italics supplied).

"Tobacco growers shall be exempt from the provisions of this Act, provided that the tobacco be harvested by them and sold in its original form in Porto Rico. Original form shall be understood to mean tobacco baled after being taken from stowage, but if the tobacco has been classified and packed or stripped, then it shall be subject to the strict compliance with the provisions of this Act."

As the Supreme Court said in Henderson v. New York, 92 U. S. 259, 268, 23 L. Ed. 543:

"In whatever language a statute may be framed, its purpose must be determined by its natural and reasonable effect."

Merely to furnish stamps gratis and to require dealers in tobacco *"whatever its origin may be"* to pay "an inspection fee of twenty cents for each one hundred pounds of tobacco or fraction of one hundred pounds used, sold, or shipped by him during the month" is obviously no adequate provision for an inspection and identification of *Porto Rico grown tobacco.*

The provision in section 3 concerning the attachment of the stamps is far from clear.

In practical operation as an inspection law the act fails entirely, as the court below said:

"According to the evidence in this case there was not the slightest pretense of any inspection of defendant's tobacco, either at its warehouse, on the docks or any other place. It is also clear that under this law inspection is not a prerequisite to the shipment or sale of tobacco, manufactured or unmanufactured, and that the only prerequisite is that the stamps be purchased and affixed as the law prescribes."

It is unnecessary to consider other grounds for affirming the decision below.

The judgment of the District Court is affirmed, with costs.