## MUIR v. FERGUSON.
### No. 398.

Circuit Court of Appeals, Tenth Circuit.
Dec. 2, 1931.

J. S. Vaught, of Albuquerque, N. M., for appellant.

J. O. Seth, of Santa Fe, N. M., for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge.

Ferguson recovered damages for breach of contract, trial by jury being waived. By written contract, Muir sold to a named party "400 steer calves more or less; all steer calves in brand born prior to July 1st, '27, also 300 heifer calves same age. * * * to be in good, strong, shipping condition, to be healthy, and to contain no unmerchantable cattle. * * * " Muir agreed to make delivery between November 15th and December 1st, 1927, on notice, by loading the calves on cars at Lordsburg, N. M. With the consent of Muir, the buyer transferred its interest in the contract to Ferguson. Within the time named in the contract, Ferguson called on Muir for delivery of the steer calves, and received 221 head. He claimed that Muir could have delivered additional steer calves of the kind described in the contract, and the court found that he could have done so to the number of eighty-four calves; that their market value at that time was $5 per head more than the buyer was required to pay, and allowed damages in that amount per head on the eighty-four additional calves that Muir could have delivered.

Muir had agreed with Ferguson to hold the heifer calves until the following spring, about May 1st, for an agreed consideration to be paid by Ferguson. Between the fifth and tenth of that month, Neafus, representing Ferguson for the purpose of receiving the heifer calves, called on Muir at his ranch. The contract provided that the cattle were to be gathered and in proper shape to be passed upon by the buyer at or near the ranch of Muir in Hidalgo county, N. M. The court found that Muir had more than 300 head of heifer calves which he could have delivered pursuant to the provisions of the contract and failed to make delivery, although demands were made upon him therefor, and the market value of the heifer calves at that time was $10 more per head than the purchaser agreed to pay, to the purchaser's damage in the sum of $3,000. The facts that have been stated were contained in a written finding of facts made by the court. These findings have substantial support in the testimony. There was a request for finding of facts in favor of defendant, but no exception was saved to their rejection by the court.

No errors of law are assigned by appellant. His only claim and contention is error of the court in its findings of fact and conclusions of law. But, as said, the court's findings of fact are sustained by the evidence, and the court's conclusions of law therefrom

unavoidably followed. There is, then, no issue here for our consideration. Harrison v. United States (C. C. A.) 42 F.(2d) 736; White v. United States (C. C. A.) 48 F.(2d) 178; Kansas City L. I. Co. v. Shirk et al. (C. C. A.) 50 F.(2d) 1046; Quality Realty Co. v. Wabash Ry. Co. (C. C. A.) 50 F.(2d) 1051; Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

Affirmed.