## WILMINGTON STEAMBOAT CO. v. STURGESS, Collector of Internal Revenue.

### No. 4713.

Circuit Court of Appeals, Third Circuit.

Jan. 23, 1932.

Robert T. McCracken and C. Russell Phillips, both of Philadelphia, Pa., and Willard F. Lippincott, of Camden, N. J., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Albert T. Clark, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

This is an action brought by the Wilmington Steamboat Company, claimant-appellant, against Edward L. Sturgess, collector of internal revenue for the First district of New Jersey, defendant-appellee, to recover a part of certain additional income taxes alleged to have been erroneously collected from the plaintiff for the calendar year 1919. The case was tried below by the court, a jury trial being waived. The judge, after hearing the evidence and argument on July 30, 1931, filed an opinion giving judgment for the de-

fendant. From the judgment so entered, this appeal is taken. The facts are these:

On or about May 1, 1916, plaintiff acquired all the capital stock of five steamboat companies, including the Merchants' Transportation Company, paying therefor 1,500 shares par value of the plaintiff's stock, and notes aggregating $111,655.63, which notes were afterwards paid. The capital stock of the said five companies was entirely owned by Horace Wilson, president of the plaintiff, and his son, Joseph S. Wilson, and they, together, controlled the majority of the stock of the plaintiff company. The total consideration paid for the five companies, considering the stock of the plaintiff as worth par, was $261,655.63. The stock of the five subsidiaries was first set up on the books of the plaintiff at the par value, which totaled $72,-000, including the Merchants' Transportation Company, 250 shares, $25,000, and the excess of $189,655.63, which was set up on the books as intangible assets. Some time thereafter, on the alleged advice of the Interstate Commerce Commission that an allocation must be made of such balance, the bookkeeper made an adjusting entry, allocating that amount to the five various subsidiaries, in proportion to the par value of their respective stock. On this basis, the total sum of $90,852.65 was entered on the books as the cost of the stock of the Merchants' Transportation Company, of which $25,000 represented the par value of the stock, and $65,852.63 the intangible value.

The transportation company was organized in 1915, its only asset being a pleasure boat acquired at a cost of $25,000. After May 1, 1916, the five subsidiary companies continued to operate as before their stock was acquired by the plaintiff, and kept separate accounts. In June, 1919, the steamer owned by the transportation company was sold for $25,000. This sum, with certain cash earnings amounting to $10,904.43, was paid over to the plaintiff in a single liquidating dividend. The Merchants' Transportation Company was later, in the month of December, dissolved.

The amount claimed as a deduction in computing the consolidated income for 1919 is $54,948.22, which represents the difference between $90,852.65, the amount arbitrarily allocated to the stock of the Merchants' Transportation Company on the books of the plaintiff, and the liquidating dividend of $35,904.43.

Two questions are raised against the appeal, the first of which is procedural, and the second involving a question of fact and the conclusion to be drawn therefrom.

As to the first question, the evidence submitted consisted of oral testimony and certain documentary exhibits. None of the facts were stipulated by the parties. The plaintiff did not request special findings of fact and none were made by the court. Upon the pleadings and evidence, the court made a general finding in favor of the defendant and rendered judgment accordingly. No motion for judgment was made by the plaintiff; it reserved no exceptions during the trial of the case, except to one question asked on cross-examination of its own witness, which is not assigned for error; and no exceptions were reserved other than general exceptions to the findings and conclusions contained in the court's memorandum opinion. The bill of exceptions contained a narrative of the testimony. The assignments of error merely challenged, first, the general findings of the court upon the evidence, and, second, certain legal propositions set forth in the court's opinion.

■ Under the authority of Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624, the defendant suggests the absence of any reviewable question before the court. Where findings are general, as in this case, there may be a review of the rulings of the court made during the progress of the trial, but not of the general finding itself or conclusions of law embodied in it. May v. Marbury (C. C. A. 6) 39 F.(2d) 438; Mercantile Mut. Insurance Co. v. Folsom, 18 Wall. 237, 21 L. Ed. 827; Societe Nouvelle d'Armement v. Barnaby (C. C. A. 9) 246 F. 68.

■ It is established that a bill of exceptions cannot be used to bring up the oral testimony for review. Dunsmuir v. Scott (C. C. A. 9) 217 F. 200, and cases there cited. Notwithstanding this, the plaintiff has brought up the entire oral testimony, and now asks this court to examine it, although there is no assignment of error to support the point in its brief that there is no evidence to support the finding.

It was said in Martinton v. Fairbanks, 112 U. S. 670, 5 S. Ct. 321, 322, 28 L. Ed. 862 that: "If the question was whether all the evidence was sufficient in law to warrant a finding for the plaintiff, he should have presented that question, by a request for a definite ruling upon that point."

■ It has also been held that a general finding (in this case the District Court's memo-

randum opinion), where there is evidence to support it, will not be reviewed unless there is a motion for judgment at the close of the testimony, or a request made for a declaration of law and an exception taken upon the motion or request being overruled. Seep v. Ferris-Haggerty Co. (C. C. A. 8) 201 F. 893, and cases cited.

It was said in Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 287, 70 L. Ed. 624: "The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. * * * And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute."

In view of the foregoing situation, we are of opinion that the appeal should be dismissed without further consideration.

█ Passing this question, the second question is: Was a loss sustained as a result of the liquidation of the Merchants' Transportation Company, a subsidiary of the plaintiff? This is purely a question of fact. The trial court, remembering that the plaintiff had the burden of proof, weighed the evidence and decided the case in favor of the defendant. The Internal Revenue Commissioner determined that the additional tax ought to be recovered and assessed it. The decision of the commissioner has been repeatedly held to be prima facie evidence that the tax was correctly assessed. Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131, and many other cases.

█ In all the circumstances of the case, it seems to us that the burden of proof, which rested upon the plaintiff to establish the loss, was by no means sustained. After reviewing the evidence, the court said: "Sitting to decide the question of fact, the evidence produced is not sufficient to satisfy the court that the amount claimed by the plaintiff to have been paid, was actually paid for the stock of the Merchants Transportation Company. * * * The court is not satisfied that the plaintiff sustained any loss

for which it is entitled to credit in its income tax return."

Giving full weight to the court's findings of fact and conclusions, we are satisfied that its conclusion in favor of the defendant was well justified. The judgment is therefore affirmed.