## CENTURY FURNITURE CO. v. BERNHARD'S, INC.

No. 7782.

Circuit Court of Appeals, Ninth Circuit.

March 19, 1936.

Wm. H. Penaat and Edward F. Penaat, both of San Francisco, Cal., for appellant.

Joseph E. Bien and Werner Olds, both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

In an action to recover a judgment for goods sold and delivered by appellant to appellee, wherein the latter denied, among other things, a promise to pay for said goods, judgment was rendered for appellant for a small sum, from which judgment this appeal was taken.

The facts as disclosed by the evidence show that appellant's salesman had written authority "to offer and sell" appellant's goods. With respect to terms of sales, it was provided: "Any special terms or arrangements are to be referred to us [appellant] for approval."

Appellee had no knowledge of the salesman's authority with respect to terms, and when ordering the goods a written statement, signed by the salesman, was attached to the order, providing in effect, as explained by the witnesses, that the goods were delivered on consignment. This special agreement was unknown to appellant until after the goods were delivered, the salesman having detached the special agreement from the order when he forwarded it to the factory.

Subsequently, the goods not being sold, appellee delivered the goods to a third person at the request of the salesman, denied liability, hence this action, which was tried to the court, a jury having been waived by the parties.

At the trial appellant did not move for judgment, request special findings, nor except to the findings as filed. Under such circumstances, we cannot consider the question as to the sufficiency of the evidence to support the findings, because such question was not raised either by motion or by request for special findings. First Nat. Bank of San Rafael v. Philippine Refining Corporation (C.C.A.9) 51 F.(2d) 218, and cases therein cited.

The various questions of law attempted to be raised cannot be considered by us because such legal propositions were not properly raised in the trial court. "To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them." Fleischmann Const. Co. v. United States, 270 U.S. 349, 356, 46 S.Ct. 284, 288, 70 L.Ed. 624.

The pleadings support the findings, and the findings support the judgment.

Affirmed.