## KANSAS CITY MARBLE & TILE CO. v. PENKER CONST. CO. et al.

### No. 4090.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1936.

Martin J. O'Donnell, of Kansas City, Mo. (Harris, Harvey & Brown, of Danville, Va., and William Buchholz, of Kansas City, Mo., on the brief), for appellant.

R. E. Simmonds, Jr., of Cincinnati, Ohio (Walter L. Tarr, of Cincinnati, Ohio, on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is a suit under the Heard Act (40 U.S.C.A. § 270) to recover from the general contractor and its bondsman for the value of stone furnished to a subcontractor and used in the construction of a public building. The stone was furnished by the intervening petitioner, Kansas City Marble & Tile Company, to the subcontractor, Alberene Stone Company. In order that the subcontractor might obtain payment from the general contractor, the intervening petitioner executed an instrument designated "Complete Waiver of Lien," in which it waived and released "any and all liens, claims and right to lien for any and all work, labor, and material by themselves furnished or which may be furnished in and about said premises." Relying on this instrument, the general contractor paid to the subcontractor the amount due under the contract with the exception of 10 per cent. thereof, which was later absorbed in completing performance of the contract upon the insolvency of the subcontractor.

Settlement with the petitioner for the stone furnished by it was effected by the subcontractor by means of a contract under which the subcontractor on its part sold certain stone to petitioner and paid in cash the difference between the value of that stone and the stone purchased by it from petitioner. At the time of the subcontractor's insolvency, the stone which it had sold to petitioner was in possession of a subsidiary of the subcontractor; and from the trustee in bankruptcy of this subsidiary it was obtained by petitioner upon the payment of a relatively small amount. Petitioner contends, however, that it expended more than the contract price in fin-

ishing the stone and putting it in the condition provided for by the contract, and that, consequently, it has failed to receive payment for the stone furnished the subcontractor, except as to the cash difference above referred to. It sought to evade the effect of the waiver which it had executed, on the ground that it was a waiver of lien on the building and not a waiver of claim against the statutory bond of the contractor.

There was a waiver of jury trial in the court below; and the judge, being of opinion that petitioner was estopped by reason of the written waiver and the contractor's reliance thereon, found for the defendants. To this action of the court a general exception was taken; and this exception is the only challenge to the action of the trial judge contained in the record. The opinion of the judge is, of course, not a special finding of facts within the meaning of the statute; and it is well settled that the general finding of the court is "conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein." Fleischmann Const. Co. v. United States 270 U.S. 349, 355, 46 S.Ct. 284, 70 L.Ed. 624. But, even if there had been specific findings, a general exception to the judgment would not bring them before us for review. Union Bleachery v. United States (C.C.A.4th) 79 F.(2d) 549, 102 A.L.R. 204. The record, therefore, presents no question for our consideration.

We think it not improper to say, however, that a careful examination of the record convinces us that the ruling below was correct. It is true that there was no lien for labor or materials upon the public building which was being constructed, but the "waiver of lien" as executed embraced "claims" as well as "liens" and "right to lien" for labor and materials furnished. As there could be no lien upon the public building, we think it clear that the word "claims" in the waiver should be construed as having reference to claims under the bond for materials furnished, and should not be held to be limited to claims to a lien which could have no existence under the law. And we agree with the judge below that petitioner is estopped from asserting a claim against the bond for the materials furnished, since it is clear that petitioner intended by the execution of the waiver to assure the general contractor that petitioner would assert no claim against him for materials furnished and that the general contractor was thereby induced to make settlement with the subcontractor. All parties understood that payments would not be made to the subcontractor so long as claims for materials furnished him might be asserted against the bond; and the waiver was executed by petitioner to be used by the subcontractor in obtaining such payments. Having thus aided the subcontractor to obtain the payments, petitioner ought not be heard to say that the waiver contemplated nonexistent liens rather than claims against the bond which had been provided in lieu of lien for the protection of laborers and materialmen.

Affirmed.