## A. E. BARKER & CO. OF CALIFORNIA v. GILINSKY FRUIT CO.

### No. 11020.

Circuit Court of Appeals, Eighth Circuit.

Jan. 19, 1939.

Edward L. Bradley and Hugh A. Myers, both of Omaha, Neb., for appellant.

F. S. Gaines and C. F. McLaughlin, both of Omaha, Neb., for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

It appears from the record on this appeal that A. E. Barker and Company of California sold a car load of cantaloupes, then "rolling" in transit in interstate commerce, to the Gilinsky Fruit Company of

864

Omaha, Nebraska, and the purchase price was not paid. Both parties were licensed under the Perishable Agricultural Commodities Act of August 20, 1937, Tit. 7, Ch. 20A, U.S.C.A., p. 70, § 499d. The seller made complaint to the Secretary of Agriculture against the purchaser (Section 499f), charging unfair conduct (Section 499b) in that delivery of the shipment had been tendered to the buyer who inspected and approved it and gave no notice of rejection within twenty-four hours as provided in the contract, but rejected and refused to pay for it without reasonable cause several days afterwards. It had to be sold on the market at a price less than freight and commission charges. The Secretary caused notice of the complaint to be served on the buyer (Section 499f(a), and it answered, denying that it had accepted the shipment, and claiming that its president had rejected the shipment immediately upon tender and inspection because the melons were not up to the contract requirement, and that he had at the same time and within the twenty-four hour period duly given notice. A hearing was had upon the issues before a deputy of the Secretary of Agriculture and upon findings and recommendations made by the deputy, the Secretary of Agriculture issued his order of reparation, awarding damages in favor of the seller against the buyer in the sum of $569.38 and interest. He also ordered publication and conditional suspension of the buyer's license. Section 499h(a).

The buyer duly appealed to the District Court for the District of Nebraska, Omaha Division (Section 499g(c), and the same issues having been made up, the cause was there tried de novo, as provided by the Act. Section 499g(c).

A jury was waived by the parties in open court, and the court, having heard and considered the evidence, found generally upon the issues in favor of the buyer and against the seller. The seller appeals.

■ It was the conclusion of the Secretary of Agriculture upon the evidence before him that the buyer had not found the melons below requirements on inspection admittedly made at the time of tender, and had not given notice of rejection within the time required, but the conclusion of the District Court upon the evidence before it was to the contrary as appears from its carefully considered opinion included in the record. It is earnestly contended here that the District Court was in error, and especially that it failed to accord proper weight to the evidence tending to show that the buyer did not give the required notice of rejection within the twenty-four hour period. But the state of the record here does not permit this court to pass upon the issues of fact in controversy. The trial in the District Court was de novo, as required by the statute (Section 499g(c), and the questions of fact having been submitted upon conflicting evidence to the court sitting without a jury, the general finding of the court was as conclusive as a verdict rendered by a jury. Fleischmann Construction Corp. v. United States, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624; Central of Georgia Ry. v. West Virginia Pulp and Paper Co., 67 App.D.C. 309, 92 F.2d 292.

■ This court has no jurisdiction to review or reexamine the conflict of evidence upon the facts but can consider only questions of law. Constitution (Amendment 7), U.S.C.A.Const. Amend. 7. No motion for judgment was made in the District Court, nor was anything done to challenge the sufficiency of the evidence to sustain the judgment for the buyer; the evidence was not preserved by bill of exceptions or otherwise and no question of law is presented for our consideration. Mutual Benefit Health & Accident Association v. Bowman, 8 Cir., 99 F.2d 856, 857 and cases cited.

Affirmed.