MARCH TERM, 1907.    929

*2 Buch.*    McNab & Harlin Mfg. Co. *v.* Paterson Building Co.

THE McNAB & HARLIN MANUFACTURING COMPANY, complainant,

*v.*

THE PATERSON BUILDING COMPANY et al., defendants.

[Submitted March 26th, 1907.  Decided June 17th, 1907.]

The case of *Beckhard* v. *Rudolph, 68 N. J. Eq. (2 Robb.) 740,* reaffirmed and applied.

Appeal of Thomas F. McCran, receiver of the Paterson Building Company.

On appeal from a decree of the court of chancery, in interpleader suit, advised by Vice-Chancellor Stevenson, whose opinion is reported in *71 N. J. Eq. (1 Buch.) 133.*

*Mr. Edward F. Merrey,* for the appellant Thomas F. McCran, receiver.

*Mr. Francis Scott,* for the respondent Martin Goble.

*Mr. James G. Blauvelt,* for the respondent the G. Drouve Company.

*Messrs. Brinkerhoff & Fielder,* for the respondents Collins, Lavery & Company.

The opinion of the court was delivered by

DILL, J.

The Paterson Building Company, a corporation of New Jersey, pursuant to a written contract, duly filed, undertook to erect a building for the McNab & Harlin Manufacturing Company, a New York corporation, but before the completion of the building

the Paterson Building Company became insolvent, a receiver was appointed, and thereupon materialmen and laborers filed claims against the amount in the hands of the McNab & Harlin Manufacturing Company due to the Paterson Building Company. The McNab & Harlin Manufacturing Company then brought this action of interpleader, and after due proceedings, and under a decree, the fund was paid into court.

The various parties who filed stop notices against the fund, pursuant to section 3 of the Mechanics' Lien law (*P. L. 1898 p. 538*), were brought in and answered, setting up their respective claims against the fund.

From the adjudication upon these claims by the vice-chancellor the receiver of the Paterson Building Company appeals, seeking to reverse the decision of the court below so far as it allowed three claims, namely, that of the G. Drouve Company, that of Martin Goble, and that of Collins, Lavery & Company.

1. *The Claim of the G. Drouve Company.*—The claim of this company was for furnishing and installing a system of bars and levers which constitute a device for opening and closing the windows in the building in question. The notice served specified a claim "for labor and materials," and the insistment of the appellant is that the stop notice is invalid, and creates no lien because the claim is stated to be for labor and materials furnished.

In *Beckhard* v. *Rudolph, supra,* this court declared a notice, practically identical with the one before us, to be good, and held that under section 3 of the Mechanics' Lien law the remedy by stop notice is open to a party who, under employment by or contract with the contractor, has supplied fixtures and other materials in the building, and that there was properly included in the claim the work of installation as part of the cost of the materials *in situ.*

This decision is therefore applicable to the present case, and the claim was properly allowed by the vice-chancellor.

2. *The Claim of Martin Goble.*—The appellant's objection is that the stop notice did not specifically state that the materials were actually used in the building. The notice was: "This is to notify you that I have sold to the Paterson Building Com-

pany, for your building on Straight street, Paterson, N. J., materials to the amount of," &c.  This is in effect an averment that the materials were used in the building.  That such was the case in point of fact is settled by the stipulation in the case.

The appellant's objection to this claim is therefore untenable.

3. *The Claim of Collins, Lavery & Company.*—The notice in this case consists of three documents, all of which were served together.  The first was an order upon the McNab & Harlin Manufacturing Company by the Paterson Building Company, in favor of Collins, Lavery & Company, for $540.52.  The second, an assignment made by certain individuals, described as trading under the name of the Paterson Building Company, transferring to Collins, Lavery & Company, out of the moneys due to the Paterson Building Company from the McNab & Harlin Manufacturing Company, for work done and materials furnished by Collins, Lavery & Company, and used in the erection and construction of the building, the sum of $540.52.  The third, a notice stating that there was due from the Paterson Building Company to Collins, Lavery & Company

"the sum of five hundred and forty dollars and fifty-two cents by you, the said owner, used and employed in the erecting and constructing of your said building;  that we have demanded payment," &c.

In this paper there is manifest omission of the words "for material furnished and" after the words "five hundred and forty dollars and fifty-two cents."

This latter notice, standing alone, might be insufficient to · entitle the parties to the benefit of the third section of the Mechanics' Lien law, but taking the three papers together they · convey notice in writing to the McNab & Harlin Manufacturing Company of the essentials required by section 3 of the act. · That the Paterson Building Company was described as a partnership instead of a corporation is not of consequence.

This claim, therefore, was also properly sustained.

For the reasons above stated, we have concurred in the decision of the court below in sustaining the validity of all the claims in question.

The appellant's counsel, however, relies upon the reasoning of the opinion below to reverse the vice-chancellor's decision based

thereon, and says in his brief that if the reasoning of the vice-chancellor "is sound, this court should reverse its ruling in the Beckhard Case."

We have carefully examined the elaborate and interesting opinion of the learned vice-chancellor who heard this case, but a thoughtful review of his opinion and of the brief of the appellant confirms our judgment in the clearness and soundness of the views expressed in the unanimous opinion of this court in Beckhard v. Rudolph, supra.

The Beckhard Case deals with the construction of section 3 of the Mechanics' Lien law (P. L. 1898 p. 538), and does not purport to lay down a general rule applicable to the construction of all the other provisions of our Mechanics' Lien laws.

The question whether other provisions of our Mechanics' Lien law should be construed liberally or otherwise is not foreclosed by the decision in the Beckhard Case, nor by this decision. It may be argued, and with force, that Mechanics' Lien laws are, as a rule, to be construed strictly against the claimant and in favor of the owner of the land in so far as they require the owner to pay a debt that he did not contract and for a consideration that he may have already paid to the contractor.

But, in our opinion, no such strict construction should be given to the provisions of the third section of our Mechanics' Lien law. P. L. 1898 p. 538.

There is no reason for a strict construction of the provisions of this section beyond the inconvenience to which the owner is put by making the inquiry into the correctness of the claims served upon him. His possible costs of litigation in an interpleader suit are presumably covered by the bill of costs and counsel fees allowed to him.

For these reasons the decree appealed from should be affirmed in all its parts.

For affirmance—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—14.

For reversal—None.