This is on a bill of interpleader under the Mechanics' Lien act.
The complainants allege that a contract was entered into between Jack Hasson, as agent for Joseph Hasson as owner, with one Samuel Bruzel, contractor, for alterations of and repairs to certain premises in Atlantic City, and that by reason thereof there is due the defendant Bruzel the sum of $6,745.50, and have paid that amount into court.
Bruzel alleges that in addition thereto there is due him for extra work a large sum. He testifies that the owner agreed to pay him the sum of $5,000 for all extra work. He also testifies to specific items for such extras amounting to approximately the same amount.
The owner, his agent and the architect testify to the effect that no such agreement was made by either of them, and that all extras are included in the statement which results in the sum above stated.
I find as a fact that the amount due from the owner to the contractor is the sum of $6,745.50. *Page 97 
The contention of the creditors who filed stop-notices (a list of whom will later appear) is that the complainant is chargeable (so far as they are concerned) with the additional sum of $650, as item for extra work ordered by the architect performed by the contractor. That sum was paid by the owner to the contractor without a certificate by the architect authorizing such payment.
The question is therefore, Did the contract provide for an architect's certificate to authorize the payment of the sum of $650 for the extra work so ordered and performed?
The contract provides the work shall be performed
"as shown on the drawings and described in the specifications prepared by * * * architect, which drawings and specifications are identified by the signatures of the parties hereto and become hereby a part of this contract."
The specifications under the heading "Changes" reads:
"The owners shall have the right at any time to make changes, additions or omissions that they may desire, and the same shall be executed by the contractor as a part of this contract, without impairing its validity, and the value of the changes are to be agreed upon in writing to the architect and added to or deducted from the contract price.
"No claim for extra work will be allowed unless the same is ordered in writing by the owners through the architect, and the cost agreed upon, and stated in the order."
Article 3 of the contract provided inter alia:
"No alterations shall be made in the work except upon written order of the architect; the amount to be paid by the owner or allowed by the contractor by virtue of such alterations to be stated in said order * * *."
This was complied with by order of architect, dated February 17th, 1926, addressed to the contractor as follows:
"This letter will serve as a formal order authorizing you to furnish labor and materials to build outside stairs at 1710 Pacific avenue [specification follows].
"The contract price for this work is to be six hundred fifty dollars, which shall be credited to your account with Mr. Jack Hasson." *Page 98 
On or about the tenth day of March, 1926, the owner paid to the contractor for said work the sum of $650, as evidenced by his check for that amount, and by a receipt as follows:
"3-4-1926.
Received payment of 1711 Pacific avenue six hundred fifty dollars back steps in full. $650. [Signed] S. BRUZEL."
The architect issued no certificate for this payment. Certificates were issued by the architect for all other payments made by the owner.
Article 9 of the contract reads as follows:
"It is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and materials shall be $24,215, subject to additions and deductions as hereinbefore provided, and that such sum shall be paid by the owner to the contractor in current funds, and only upon certificates of the architect as follows: $18,000 to be paid from time to time during the progress of the work, and the balance of $6,215 shall be paid as later specified and constitute the final payment.
"The final payment shall be made within thirty days after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued."
The contract is explicit that the amount to be paid under the contract is "subject to additions" and that such sums, i.e., the amount of the contract and "additions" shall be paid "only upon certificates of the architect."
The order of the architect to perform the extra work (above quoted) cannot be deemed a certificate to pay. The concluding clause of that statement is: "The contract price for this work shall be $650, which shall be credited to your account with Mr. Jack Hasson." (Italics are mine.)
A reading of the contract in its entirety clearly indicates that the architect is to determine, when the work is completed, if done in accordance with the contract plans and specifications and if and when money is due and payable therefore.
To authorize the payment of the sum of $650, for extra work, the contractor was therefore bound to produce and present a certificate of the architect of such payment. *Page 99 
The extra work was done under the original contract and not under a separate though supplemental one authorized thereby as was the case in South End Improvement Co. v. Harden,52 Atl. Rep. 1127.
In so far as the contractor is concerned the owner could waive the production of the certificate. F. Bowden Co. v. Baier,99 N.J. Law 361.
In McNab Harlin Mfg. Co. v. Paterson Building Co., 72 N.J. Eq. 929,
the court of errors and appeals said: "It may be argued, and with force, that Mechanics' Lien laws are, as a rule, to be construed strictly against the claimant and in favor of the owner of the land in so far as they require the owner to pay a debt that he did not contract and for a consideration that he may have already paid to the contractor."
Having found that the contract provided that payments for extra work, ordered by the architect should be made upon the certificate of the architect named therein, it follows that the owner is liable to a party furnishing labor or materials who served notice (prior to the issuance of any such certificate) to the full amount of his claim, not exceeding the full amount of such advance payments. Somers Lumber Co. v. Kaufman,102 N.J. Law 601.
In that case no certificates were issued and it was held, "that the purpose of section 5 of the Mechanics' Lien act is to make the owner, in case he pays an installment of the contract price in advance of the time, when by the contract it comes to be due, liable to any claimant who served a stop-notice before such installment come to be due." Kreutz v. Cramer, 64 N.J. Eq. 648; Daley v. Somers Lumber Co., 70 N.J. Eq. 343; affirmed,71 N.J. Eq. 307, and that payments under the contract, in that case, were due "upon the certificate of the architect."
In Slingerland v. Binns, 56 N.J. Eq. 413, it was declared that under section 5, the owner shall not in any way discharge his liability to pay under the contract, until according to the terms of the contract, the time to do so has arrived, in order that until that time such liability may be preserved for the benefit of the workmen and materialmen, who serves the statutory notice. *Page 100 
The complainants having paid into court the sum of $6,745.50, being the amount alleged to be, and which I find to be, due the contractor, it become necessary to ascertain if the owner is liable to pay the sum of $650, the amount paid without certificate or any part thereof.
The question therefore is, What is the amount due to those who served stop-notices? If it exceeds $6,745.50, the owner is liable to the excess to an amount not to exceed $650.
On April 13th, 1926, the defendant Somers Lumber Company served upon complainant Jack Hasson a stop-notice in writing (in proper form) demanding the retention of the sum of $3,361.52, and has filed its claim of demand and has proven its account for the sum of $3,334.35. Objection was made that the demand and notice was for a sum in excess of the amount due.
I find that at the time of the service of the notice there was due the sum of $3,361.52, but that on the 22d day of April, 1926, a credit was allowed and entered on the books for merchandise returned by the contractor to the amount of $27.17. The Somers Lumber Company is entitled to the sum of $3,334.35.
On April 13th, 1926, the defendant Jacob S. Hyman served upon complainant Jack Hasson a stop-notice, in writing, demanding the retention of the sum of $915. On September 15th, 1926, he filed his statement of claim alleging that the sum of $915 still remained unpaid.
At the hearing, he proved the amount due to be $779.25, alleging the error arose in his not knowing the amounts of credits by way of payments by the contractor to him. That that information was in the possession of the contractor only, and that he, Hyman, had made his notice large enough to cover his claim.
Attention should be called to the fact that at the time of filing his statement of claim, he claimed his contract with Bruzel was for the sum of $1,619.75, upon which had been paid the sum of $704.75, leaving a balance due of $915. At the hearing he testified that the contract for all brick work was $2,300 and for extra work he was entitled to $100, making a total of $2,400, upon which he had received $1,620.75, leaving a balance due of $779.25. *Page 101 
This stop-notice is invalid and the claim will not be allowed.Tuttle v. Cadwell, 92 N.J. Law 26.
On April 14th, 1926, the defendant Benjamin E. Labov served upon the complainant Jack Hasson a stop-notice in writing demanding the retention of the sum of $3,263.15. On September 9th, 1926, he filed his statement of claim in due form. The day after the service of the notice, the owner paid to Labov the sum of $516.91, leaving a balance of $2,746.24, the amount alleged in the statement of claim.
The stop-notice was for the amount then due and is not invalid because of excessive amount, and the amount will be allowed.
The defendants Martin H. Gruen et al. trading as Gruen Electric Company, although served, have filed neither answer nor statement of claim, and although some one or more members of the partnership were present at at least one hearing, no attempt has been made in any way to prove their claim.
The bill alleges that "Martin H. Gruen, trading, c., and Jacob Rubenstein, trading, c., have issued an order to the sheriff of the county of Atlantic to levy on the right and credits of the defendant Samuel Bruzel and in pursuance to that order, the sheriff of the county of Atlantic has levied on the moneys due to defendant Samuel Bruzel and now in the hands of the complainant."
Assuming that the Gruen Electric Company has obtained a judgment against Bruzel (otherwise there would be no basis for a levy) such judgment, while being conclusive as to the correctness of the claim upon the parties to the action and their privies, it is not conclusive in that respect upon the owners of the building, nor upon other persons claiming the contractor's money under the statute. Taylor v. Wahl, 69 N.J. Law 471; Faitoute
v. Wright, 78 N.J. Eq. 560.
On April 27th, 1926, the defendants Joseph H. Myers and Peter Shaughnessy trading as Glenwood Tile Company served upon Jack Hasson a stop-notice in writing demanding the retention of the sum of $798. On January 27th, 1928, they filed their statement of claim. At the hearing, the amount found due was the sum of $798. This is the amount claimed and for which notice was given and is allowed. *Page 102 
On May 3d 1926, the defendant Benjamin Baker served upon Jack Hasson a complainant a stop-notice in writing demanding the retention of the sum of $709.35. On January 27th, 1928, he filed his statement of claim. At the hearing the amount found due was $709.35. This is the amount claimed and for which the notice was given and is allowed.
On May 3d 1926, the defendant Edward Lieberman served upon the complainant Jack Hasson a stop-notice in writing demanding the retention of the sum of $655.88. On January 27th, 1928, he filed his statement of demand. At the hearing the amount found due was $655.88. This is the amount claimed and for which notice was given and is allowed.
The amounts allowed are:
 Somers Lumber Co. ............................. $3,334.35
 Benjamin Labov ................................ 2,746.24
 Glenwood Tile Co. ............................. 798.00
 Benjamin Baker ................................ 709.35
 Edward Lieberman .............................. 655.88
 _________
 Making a total of ............................. $8,242.82
 Amount paid into court ........................ 6,745.50
 _________
 $1,498.32

The amounts allowed the several claimants exceed the amount paid without a certificate and for which the owner is held responsible. He should therefor pay into court the additional sum of $650.