**NORTHWEST ROADS CO. et al. v. CLYDE EQUIPMENT CO.\***

**No. 7610.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 12, 1935.

\*Rehearing denied Dec. 19, 1935.

Wilbur, Beckett, Howell & Oppenheimer, R. W. Wilbur, H. B. Beckett, F. C. Howell, and E. K. Oppenheimer, all of Portland, Or., and Francis E. Marsh, of McMinnville, Or. (Payne Karr, of Seattle, Wash., of counsel), for appellants.

Wm. B. Layton and Edward A. Boyrie, both of Portland, Or., for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This is an appeal from a judgment rendered in favor of plaintiff for rental of machinery and equipment furnished by plaintiff to one Poulsen and his assignee who were obliged under a contract with the defendant Northwest Roads Company to furnish and crush rock to be used by said defendant in the construction of roads.

The defendant Northwest Roads Company, referred to hereinafter as the contractor, entered into two contracts with Clallam county, Wash., to construct approximately twelve miles of hard surfaced highway in Clallam county. The contracts were identical except as to location, quantity of work and materials, and contract price. The contracts provided that the contractor should "do all work and furnish all materials necessary" to construct the highways, in accordance with plans and specifications attached to and made a part of the contracts.

In the plans and specifications it was provided as to the crushed rock to be used:

"Schedule 'A' will require the quarrying, crushing and placing in stock piles of the crushed stone. * * *

"If the contractor so desires, the County will make available a gravel bar on the Elwha River, as shown on the plans, from which satisfactory material may be obtained. The contractor, however, shall satisfy himself as to the quantity of material available from this sight (site). The contractor may obtain the stone from other sources providing the material complies with these Specifications and meets with the approval of the Engineer.

"The materials to be used in the construction of the Bituminous Macadam Wearing Surface shall be crushed gravel obtained from a gravel bar in the Elwha River, as indicated on the plans, and placed in stock piles where designated on the plans. * * *

"The crushed stone required in connection with this work will be furnished by the Contractor and may be obtained at a location designated by the County, on the Elwha River. This material shall be crushed and placed in stock piles at various sites furnished by the County on this project from which points it will be placed on the road."

The contract also provided:

"The contractor shall give his personal attention to the work at all times and shall be present, in person or by duly authorized representative, on the site of the work continually during its progress and shall receive instructions from the engineer. Any subcontractor shall be considered the agent of the contractor and the latter shall be responsible for all work and material furnished and any indebtedness incurred by such agent."

About a week after these contracts were entered into, the contractor entered into an agreement with one Poulsen, wherein it was stated:

"Whereas, the party of the first part desires to sublet that part of the contract it has entered into with the County of Clallam, State of Washington, so far as related to rock crushing," and under said agreement, Poulsen undertook "to furnish all the necessary materials, labor and implements, and to perform the work * * * in accordance with the plans and specification," and to place the crushed rock in bunkers at the Elwha river, and the contractor was then obliged to transport it to the stock piles.

Poulsen leased from plaintiff certain machinery and equipment, to be used by him in crushing the rock, and shortly thereafter assigned his rights under the agreement, with the contractor's consent, to one Johnson, who continued using plaintiff's machinery and equipment, until he abandoned the contract.

3 Rem. Rev. Stat. (Wash.) § 1159 provides that where a contract is entered into between the state, county, municipality, or any public body, and any person or corporation, to do any work for either of the former, a "public works" bond must be supplied, "conditioned that such person or persons shall faithfully perform all the provisions of such contract and pay all laborers, mechanics and subcontractors and materialmen, and all persons who shall supply such person or persons, or subcontractors, with provisions and supplies for the carrying on of such work * * * and any person or persons performing such services or furnishing material to any subcontractor shall have the same right under the provisions of such bond as if such work, services or material was furnished to the original contractor."

The contractor furnished a bond with the appellant bonding company as surety, which bond provided:

"Now, Therefore, If the Principal herein shall faithfully and truly observe and comply with the terms, conditions and provisions of said contract in all respects * * .* and shall pay all laborers, mechanics, subcontractors and material men, and all persons who shall supply such contractor or subcontractor with provisions and supplies for the carrying on of such work * * * then this obligation to be void, otherwise to remain in full force and effect."

Plaintiff seeks to recover from the contractor and the surety on its bond for the unpaid rental of its machinery and equipment during the time the same was used by Poulsen and Johnson. The action was by stipulation tried to the court, and recovery was permitted on the theory that plaintiff's machinery and the equipment were material furnished Poulsen and Johnson as subcontractors. Appellants contend that recovery should be denied, because Poulsen and Johnson were not "subcontractors" but "materialmen," and therefore the action does not come within the terms of the statute.

As we view it, the only materialman who can successfully maintain an action under the statute is one who furnishes supplies or materials to a contractor or a subcontractor. Neary v. Puget Sound Engineering Co., 114 Wash. 1, 194 P. 830, is conclusive to the effect that a claim for services rendered to a mere materialman is beyond the protection of the statute. By the only reasoning available to us because of that holding, we must also say that a claim for materials furnished to a mere materialman is likewise without the provisions of the statute, inasmuch as the statute permits recovery only by "any person or persons performing such services or furnishing material to any subcontractor."

Appellee contends that Poulsen and Johnson were subcontractors because they agreed with the contractor to perform part

of the latter's contract with Clallam county. On the other hand, appellants contend that Poulsen and Johnson were merely materialmen because they did not undertake to actually install the material furnished or to fabricate the same into and make it a part of the highways.

It is unnecessary to consider what may be the general rule of distinction between a subcontractor and a materialman, for the question as to whether Poulsen and Johnson were subcontractors or materialmen is determined by Neary v. Puget Sound Engineering Co., 114 Wash. 1, 194 P. 830, 831. In that case, the contractor entered into an agreement with the city of Kent to pave certain streets, the contract providing, among other things, that the contractor agreed "to do all work and furnish all the material necessary * * * in accordance with and as described in the attached * * * plans and specifications." The contractor thereafter entered into an agreement with one Harmon whereby the latter agreed "to furnish all of the sand and gravel which may be required" and "that the quality of said sand and gravel shall be acceptable to the city engineer." It was held that Harmon was a mere materialman and not a subcontractor, "under the authority of Baker v. Yakima Valley Canal Co., 77 Wash. 70, 137 P. 342." In both Neary v. Puget Sound Engineering Co., supra, and the present case, the contractors agreed to do all work and furnish all materials necessary, and in both cases the contractors entered into agreements with third persons requiring the latter to furnish the gravel, but to take no other part in the construction of the roads.

Appellee contends that Neary v. Puget Sound Engineering Co., supra, is not applicable for the reason that the place where the street was being constructed was within the limits of a municipality where gravel was available and obtainable as a commodity in the open market. The opinion does not disclose that any one made any contention with respect to the availability of gravel as a commodity in the open market, nor does the opinion indicate what the fact was in that respect. But even if we concede the fact that gravel was easily obtainable as a commodity in the open market, it might have some effect on the price of the material, but could not change the fact that the gravel was material which was to be supplied to the contractor, and which once supplied completed the obligation to the contractor, whether the contractor used such material in the construction of the highways, or whether it used such material in the construction of any other project. Appellee also contends that the contract between the city and the contractor, in the case cited, had nothing whatever to say regarding the quarrying, crushing, and stock piling of gravel. The plans and specifications which were a part of the contract there are not included in the opinion, so it cannot be determined whether or not such is the fact.

It is unnecessary to consider cases cited which define "subcontractor" or "materialmen" under various other statutes which provide for liens in certain cases, because the state court has determined the question under the particular statute in this case by the decision cited, and such determination is binding on this court.

Judgment reversed with directions to enter judgment in favor of appellants.