UNITED STATES, for Use and Benefit of
CALVIN TOMKINS CO. v. CLIFFORD
F. MacEVOY CO. et al.
Civ. No. 2103.

District Court, D. New Jersey.
March 17, 1943.

Benjamin P. DeWitt, of New York City, for plaintiff.

Elmer O. Goodwin, of Newark, N. J., for defendants.

FAKE, District Judge.

The issues here arise on motion to dismiss the complaint on the ground that it fails to state a valid cause of action.

It appears upon the face of the complaint herein that the MacEvoy Company entered into a contract with the Federal Works Administrator under the terms of which the MacEvoy Company was to furnish materials for and construct seven hundred dwelling units known as the Government's Housing Project N. J. 28071. Thereafter the MacEvoy Company as principal and Aetna Casualty and Surety Company as surety entered into a bond in the amount of a million dollars conditioned to "prompt-ly make payment to all persons supplying labor and material in the prosecution of the work provided for in the aforesaid contract" pursuant to Statute 40 U.S.C.A. §§ 270a, 270b.

Thereafter the MacEvoy Company contracted with the Miller Company for the furnishing of building material by the Miller Company for the prosecution of the work covered by the aforesaid contract, and further thereafter the Tomkins Company, plaintiff herein "at the special instance and request of the Miller Company duly furnished and supplied to the Miller Company building materials at the agreed price and of the reasonable value of $47,-119.14" on which a balance of $12,033.49 remains unpaid. These materials were delivered on the job by the plaintiff and used in the performance of the contract between the Federal Works Administrator and the MacEvoy Company and as alleged: "with the knowledge and consent of the MacEvoy Company". The Statute involved reads as follows: "(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: *Provided, however, that any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond* upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop ad-

dressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons." § 270b, Title 40 U.S.C.A. (Italics supplied.)

A question arises as to whether on the face of the complaint the plaintiff is shown to have any direct contractual relationship with a subcontractor. This leads to a further question. Was the materialman Miller a subcontractor within the meaning and intent of the statute? It is noted that the Heard Act, 40 U.S.C.A. § 270, which preceded the Miller Act above quoted, contained no proviso such as that underlined above. The construction therefore placed on the Heard Act by the courts in the cases next below cited must be read in the light of the absence of the proviso and when so considered they afford little if any assistance in answering the questions above propounded. See U. S. use of Hill v. American Surety Company of N. Y., 200 U.S. 197, 26 S.Ct. 168, 50 L.Ed. 437; Continental Casualty Co. v. North American Cement Corporation, 67 App.D.C. 234, 91 F.2d 307; and Utah Const. Co. et al. v. United States, 9 Cir., 15 F.2d 21.

The proviso in the Miller Act lies at the base of the plaintiff's right of recovery in the instant case. If it appears that the materialman Miller, to whom plaintiff furnished materials, comes within the meaning and intent of the word, subcontractor, then plaintiff has a contract with a subcontractor since it appears that he furnished materials to Miller under an agreement so to do.

Bearing in mind that the word "subcontractor" appears here in a statute intended to function in the sphere of building construction in which sphere the mechanic's lien laws of the several states have long been operative, and it further appearing that there are no Federal cases construing the word as used in the Miller Act, it is well to look to the meaning of the word as generally understood in the building trade and adopted by the state courts. Of course in its broader and more comprehensive sense it would seem to include anyone who furnishes either labor or material on the job when a contract express or implied can be spelled out. But as we shall see, such an all-inclusive interpretation cannot be accepted in the light of its usage in the trade or in its interpretation by many of the state courts. However, an examination of the cases cited in 40 Words & Phrases, Perm.Ed., p. 340, under, subcontractor, and those appearing in the same work under, materialman, leave the searcher after truth in a state of unhappy confusion. For example, in Beckhard v. Rudolph et al., 68 N.J.Eq. 315, 59 A. 253, 256, the late Vice Chancellor Stevenson considering the New Jersey Mechanic's Lien law, N.J.S.A. 2:60–105 et seq., said: "A lien is given to a materialman—to a man who has furnished materials * * *. If his charge is for materials alone, then he is a materialman. If his charge is for work and labor in putting the materials in the building, then he is a contractor for the erection of the building. He is not a materialman. He never is described as such. * * * If a man makes a contract to supply material, and by his labor incorporate that material into the building, he is not a materialman, in my judgment". This case went up on appeal to the Court of Errors and Appeals, 68 N.J.Eq. 740, 63 A. 705, 706, and Mr. Justice Pitney then of that court said in the opinion reversing the Vice Chancellor: "The learned vice chancellor rejected the suggestion that the words 'any person who may have furnished materials used in the erection of any such house or other building,' might be deemed to cover the case of a plumber who furnishes fixtures set up and installed in the building, including as well the cost of the work of installation as the cost of the fixtures themselves; deeming that the force of the word 'materialman' as used in the latter part of the section prevented the adoption of such a construction, and that this term as used in the section practically means one who has furnished materials only; * * *. In our opinion this is too narrow a reading of the letter of the section, and fails to give due effect to the spirit of the act * * *". Thus it appears that the court of last resort in New Jersey has ruled under the peculiar provisions of the New Jersey Act that the word "materialman" includes one who contracted to furnish and install material. A year later the same rule was followed in McNab & Harlin Mfg. Co. v. Paterson Bldg. Co., 72 N.J.Eq. 929, 67 A. 103. To this limited extent then and to such extent only do we find the word "contractor" and the word "materialman" combined and interwoven as one by judicial interpretation. It should

be emphasized that these New Jersey decisions are influenced largely by the letter and spirit of the New Jersey Act. They are considered here primarily to point out the elusive problem presented by the instant case.

In Northwest Roads Co. et al. v. Clyde Equipment Co., 79 F.2d 771, 772, the Circuit Court of Appeals of the Ninth Circuit considered a state statute which provided for a payment bond to cover "any person or persons performing such services or furnishing material to any subcontractor" and in the course of the opinion said: "as we view it, the only materialman who can successfully maintain an action under the statute is one who furnishes supplies or materials to a contractor or a subcontractor. Neary v. Puget Sound Engineering Co., 114 Wash. 1, 194 P. 830, is conclusive to the effect that a claim for services rendered to a mere materialman is beyond the protection of the statute. By the only reasoning available to us because of that holding, we must also say that a claim for materials furnished to a mere materialman is likewise without the provisions of the statute." The foregoing is, I think, the more reasonable view to take in the instant case. I am not unmindful however of the many citations which appear in the published compendiums bearing upon the words, contractor, subcontractor and materialman. These cases for the most part, draw their inspiration from state statutes which are not fully comparable with the statute involved here and I have chosen the case last above cited because, while a state statute is involved there, it is more closely akin to our immediate statute than any I have found. Moreover I fully agree with the late Vice Chancellor Stevenson that a materialman and a contractor are not synonymous terms in the building trades. It follows that the plaintiff herein, being a mere materialman who furnished material to another materialman who in turn had a contract with the contractor, does not fall within the benefits afforded by the statute.

The fact that the plaintiff furnished the material as alleged, with the knowledge and consent of the principal contractor, does not result in spelling out an implied contract with the principal contractor since plaintiff was already under a contract with the materialman Miller to furnish them.

An order will be entered dismissing the complaint with costs to be taxed.