**UNITED STATES, for Use and Benefit of CALVIN TOMKINS CO., v. CLIFFORD F. MacEVOY CO. et al.**

No. 8351.

Circuit Court of Appeals, Third Circuit.

Argued July 8, 1943.

Decided Aug. 13, 1943.

Rehearing Denied Sept. 20, 1943.

Benjamin P. DeWitt, of South Orange, N. J. (Sidney Pepper, of New York City, on the brief), for appellant.

Edward F. Clark, of New York City (Elmer O. Goodwin, of Newark, N. J., on the brief), for appellee.

Before JONES, DOBIE, and GOODRICH, Circuit Judges.

DOBIE, Circuit Judge.

This is an action on a payment bond given pursuant to the Miller Act, 49 Stat. 793, 40 U.S:C.A. § 270a, brought by the use-plaintiff, the Calvin Tomkins Company, hereinafter called plaintiff, in the United States District Court for the District of New Jersey, against the Clifford F. MacEvoy Company, hereinafter called defendant, and the Aetna Casualty and Surety Company, hereinafter called surety.

On June 3, 1941, the defendant entered into a contract with the United States of America, in which the defendant agreed to furnish the materials and perform the work necessary for the construction of a defense housing project near Linden, New Jersey. Pursuant to the Miller Act, defendant and surety executed a bond on United States Form No. 25-A, in the sum of one million dollars, conditioned on the prompt payment of the claims of all per-

sons supplying labor and material in the prosecution of the work specified in defendant's contract.

Defendant thereafter contracted with the James H. Miller Company, hereinafter called Miller Company, for the furnishing of wall-board building materials by it to defendant for use in the housing project. Miller Company then in turn contracted with plaintiff, which, with the knowledge, consent and approval of defendant, furnished $47,119.14 worth of building materials through Miller Company to be used by defendant on the project.

Plaintiff, which had not been paid in full by Miller Company for the goods supplied, instituted the present action against defendant and surety on the bond in order to recover the unpaid balance of $12,033.49 due it. The trial court dismissed plaintiff's complaint on the ground that it failed to state a valid cause of action. Plaintiff has duly appealed to this Court. The cardinal question presented for our consideration is whether the Miller Act subjects a government contractor (defendant) and his surety to liability under a payment bond, to a third person (plaintiff) who has furnished material to a materialman (Miller Company), in the absence of any contractual relationship between this third person (plaintiff) and any subcontractor, when the term "sub-contractor" is used in a narrow, technical sense to distinguish this term from the term "materialman".

Apparently, the question is one of first impression since our independent research and that of both counsel have failed to unearth any similar situations passed upon by either the Supreme Court or any Circuit Court of Appeals. Accordingly, we shall scrutinize with great care the exact terminology and legislative history of the Miller Act, 40 U.S.C.A. § 270a et seq. We shall also examine and apply the relevant decisions under the Heard Act which antedated, and has been repealed by, the Miller Act.

At the threshold, we notice that no mention is made of contractors or subcontractors in the title of the Miller Act. A statement is merely made to the effect that the bond is "for the protection of persons furnishing material and labor for the construction, alteration, or repair of said public buildings or public work."

The first section of the Act then goes on to provide that the bond is "for the protection of *all* persons supplying labor and material in the prosecution of the work provided for in said contract for the use of *each* such person." (Italics ours.) Section two continues, in part, "*Every* person who has furnished labor or material in the prosecution of the work provided for in such contract * * * *shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid * * * or sums justly due him.*" (Italics ours.)

Section three then stipulates that *any* person who has supplied labor or material for such work and who has not been paid may, upon making an affidavit to that effect, obtain a certified copy of the bond of the contractor and the contract for which the bond was given. Section four merely defines certain terms in the Act and the last section provides for the repeal of the Heard Act, 40 U.S.C.A. § 270.

Thus, the only limitation placed upon admission to the class of persons who may recover on the contractor's bond in the Act itself is that they must have "furnished labor or material in the prosecution of the work." Surely plaintiff's credentials as presented in its complaint entitle it to the protection of the Act within a literal reading of the statute.

Moreover, the condition of the very bond in question which was furnished by defendant pursuant to the Miller Act states that defendant as "principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract." (Italics ours.) Thus the only restriction or qualification in the bond itself, as in the Act, is that the person seeking a recovery must have supplied labor or material for the project.

We are unable to rest here, however, for section two of the Miller Act also contains the following language: "*Provided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done

or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."

The District Court concluded that in the light of this provision "the plaintiff herein, being a mere materialman who furnished material to another materialman who in turn had a contract with the contractor, does not fall within the benefits afforded by the statute." [49 F.Supp. 81, 83.] Consequently, the plaintiff's complaint was dismissed for failure to state a valid cause of action. With all due respect to the court below, we are of the opinion that it has erroneously construed the statute in so restricting the class of persons who may recover on the contractor's bond.

■ It is true that this provision relied on by the lower court appears to be in conflict with the remainder of the statute. But that alone is no reason why this single provision should be controlling to the exclusion of (and at the expense of) the other terms of the Act. We think the following statement made by the Supreme Court in reference to the Heard Act is germane at this point: "In resolving the ambiguities in its provisions the court must endeavor to give coherence to them in order to accomplish the intention of Congress, and adapt them to fulfill its whole purpose." Fleischmann Construction Co. v. United States to Use of Forsberg, 1926, 270 U.S. 349, 360, 46 S.Ct. 284, 289, 70 L. Ed. 624.

■ It is our considered opinion that the intention of Congress and the broad purpose of the Miller Act can be carried out only by placing the plaintiff within the cloistered class of those persons who may avail themselves of the benefits of the Act. Our position here is buttressed by the legislative hearings prior to the passage of the Act, as well as by the decisions of the Supreme Court. See Vol. 79 Congressional Record, part 12, page 13,382, Senate proceedings, 74th Congress, 1st Session (H. R. 8519).

■ The Miller Act, being a substitute for the Heard Act, was intended to be remedial and it must therefore be liberally construed. Fleisher Engineering Co. v. United States, 1940, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12. Furthermore, the Supreme Court has already viewed the Miller Act as enlarging the protection given to materialmen and laborers under the earlier Heard Act. See United States to Use of Noland Co. v. Irwin, 1942, 316 U.S. 23, 62 S.Ct. 899, 86 L.Ed. 1241.

In United States to Use of Hill v. American Surety Co., 1906, 200 U.S. 197, 26 S. Ct. 168, 50 L.Ed. 437, it was held that pursuant to the Heard Act persons, *without qualification or restriction,* who furnished labor or material in the construction of a public project, could recover on the contractor's bond where the proper statutory notice was given. The reason assigned for this rule was that "The purpose of the act was to provide security for the payment of all persons who provide labor or material on public work * * *" and that "the basis of recovery is supplying labor and material for the work." See Illinois Surety Co. v. John Davis Co., 1917, 244 U.S. 376, 380, 37 S.Ct. 614, 616, 61 L.Ed. 1206. Moreover, the Court then went on to make the sweeping statement that "In every case which has come before this court, where labor and materials were actually furnished for and used in part performance of the work contemplated in the bond, recovery was allowed, if the suit was brought within the period prescribed by the act." Id., 244 U.S. at 380, 37 S.Ct. at 616. See, also, Standard Accident Insurance Company v. United States for Use and Benefit of Powell, 1938, 302 U.S. 442, 58 S.Ct. 314, 82 L.Ed. 350; Fleischmann Construction Company v. United States to Use of Forsberg, 1926, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624.

It is worthy of note, too, that the Supreme Court denied certiorari in a case decided under the Heard Act which is practically on all fours with the instant case. Utah Construction Company v. United States, 9 Cir., 1926, 15 F.2d 21, certiorari denied, 1926, 273 U.S. 745, 47 S.Ct. 344, 71 L.Ed. 870. The Court held in this case that a claimant who, like the plaintiff before us, furnished materials toward the construction of a public project through a person having a contract with a contractor to furnish the materials, might recover on the contractor's bond, regardless of whether the person to whom the materials were

furnished by the claimant be considered a materialman or a subcontractor.

It is true that the Heard Act did not contain the particular provision which appears in section two of the Miller Act; but we do not deem this to be an operative fact which would mitigate against · our construction of the Miller Act.

We prefer to rest our opinion upon the broader considerations heretofore discussed. A few words, however, under a pure analytic technique, would seem in order concerning the so-called proviso:

*"Provided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice * * *."

This provision is not a *proviso* as that term is technically defined—a clause or part of a clause in a statute, the office of which is either to except something from the enacting clause, or to qualify or restrain its generality. Quite obviously, this provision is not an *exception,* which exempts absolutely from the operation of a statute. The provision is essentially an *explanation*—to make clear (what was not clear under the prior Heard Act) that the absence of direct contractual relationship with the general contractor should not defeat actions on the payment bond. Thus, the underlying idea of the provision was to extend (rather than to restrict) the ambit of the Miller Act. The provision came not to destroy but to fulfill; to give more abundant life to the broad sweep of an admittedly beneficent remedial statute.

Accordingly, every effort should be made by us to give to the word "subcontractor", in this setting, a broad, general (rather than its narrow, technical) denotation. Under such an interpretational philosophy, there is little need and less reason for limiting the term to the Tweedledums who perform services and excluding the Tweedledees who supply materials.

The court below relied heavily on a number of decisions construing state public work statutes. These authorities, of course, are not binding on us in the interpretation of federal legislation, and at best they are deceptive since the purpose, scope and terms of the state enactments are so varied and so different from the act under consideration. Nor do we feel it necessary to indulge in lingual gymnastics by losing ourselves in the labyrinth of divergent decisions which attempt to make a distinction (either practical or theoretical) between a "subcontractor" and a "materialman". We cordially agree with the court below in that an effort to do so would only leave "the searcher after truth in a state of unhappy confusion." Cf. McNab & Harlin Mfg. Co. v. Paterson Building Co., 1907, 72 N.J.Eq. 929, 67 A. 103, with Northwest Roads Co. et al. v. Clyde Equipment Co., 9 Cir., 1935, 79 F.2d 771. Suffice it to say that the Supreme Court itself has used "subcontractor" and "materialman" interchangeably. E.g., United States Fidelity & Guaranty Co. v. United States to Use and Benefit of Golden Pressed & Fire Brick Co., 1903, 191 U.S. 416, 24 S.Ct. 142, 48 L.Ed. 242. Inasmuch as there is no uniform rule on the subject, we are satisfied that Congress used the word "subcontractor" in its broad, generic sense so as to include persons who have a contract to furnish building material to a materialman. By so doing, instead of torturing the meaning of the disputed provision in section two of the Miller Act, we attempt to bring it into harmony with both the Congressional intent and the express wording of the remainder of the statute. Cf. United States for Use of Alexander Bryant Co. v. New York Steam Fitting Co., 1914, 235 U.S. 327, 35 S.Ct. 108, 59 L.Ed. 253; Vermont Marble Co. v. National Surety Co., 3 Cir., 1914, 213 F. 429.

Accordingly, for the reasons assigned, the judgment of the lower court is reversed.

Reversed.