UNITED STATES of America, at the relation and for the Use and Benefit of MATERIAL SERVICE COMPANY, a corporation, Plaintiff,

v.

Jeffrey WOLFSON, d/b/a Finish Concrete Company, et al., Defendants.

No. 72 C 642(1).

United States District Court, E. D. Missouri, E. D.

June 19, 1973.

Charles M. Schmidt, Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Clayton, Mo., for plaintiff.

Donald L. James, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, Chief Judge.

This cause was tried to the Court. The Court has been fully advised by the testimony, the exhibits, and the memoranda of the parties.

### Findings of Fact

1. Material Service Company and defendant Hoel-Steffen Construction Company are Missouri corporations, each with its principal place of business in Missouri. Defendant United States Fidelity and Guaranty Company is a Maryland corporation, with its principal place of business outside the State of Missouri. Finish Concrete Company is a sole proprietorship, owned by defendant Jeffrey Wolfson.

2. Defendant Hoel-Steffen Construction Company entered into a contract with the United States of America on or about January 25, 1971, to construct a post office building in Clayton, Missouri. Thereafter, defendant Hoel-Steffen Construction Company executed a payment bond under the Miller Act, 40 U.S.C. § 270a, and the defendant United States Fidelity and Guaranty Company signed the bond as a surety in a penal sum in excess of $500,000, to pay all claimants for labor and material.

3. In July 1971, defendant Finish Concrete Company agreed to furnish labor and materials to the general contractor, Hoel-Steffen Construction Company, for certain concrete work. Finish Concrete Company purchased concrete from the plaintiff, Material Service Company, between November of 1971 and June of 1972. The prices charged for the concrete were reasonable.

4. The total amount of concrete material furnished by the plaintiff was $24,481.54, and the only payments received on this account were two checks: one, dated April 4, 1972, in the sum of $2,767.50; and the other, dated April 26, 1972, in the sum of $565.80, leaving a principal balance due of $21,148.24. The two checks in payment were joint checks payable to "Finish Concrete Company and Material Service Company" by the Hoel-Steffen Construction Company. Demand has been made by the plaintiff against all defendants for the balance due.

5. Plaintiff, on January 14, 1972, executed a lien waiver for the sum of $12,511.86, to Finish Concrete Company, which stated in pertinent part as follows:

". . . do hereby waive and relese any and all lien, and claim or right to lien on said above described building and premises under the Statutes of the State of Missouri relating to Mechanics' Liens, on account of labor or materials, or both, furnished by the undersigned to aforesaid purchaser for said building and premises up to and including December 31, 1971 only, but not for any furnished subsequent to said date."

The lien waiver was delivered to Jeffrey Wolfson, d/b/a Finish Concrete Company, who promised to pay this amount, $12,511.86, when this amount was received from the general contractor, Hoel-Steffen Construction Company.

6. Wolfson delivered the lien waiver to defendant Hoel-Steffen Construction Company, and thereafter received a check from Hoel-Steffen Construction Company in the sum of $12,600.00. Prior to issuing said check to defendant Finish Concrete Company, defendant Hoel-Steffen Construction Company knew that the plaintiff had received no payment for materials furnished up to and including December 31, 1971. Hoel-Steffen Construction Company also knew that a lien waiver was not effective insofar as waiving material men's rights to payment on the bond in any construction done for the Federal Government involving the Miller Act.

7. In March of 1972, the plaintiff stopped delivering concrete and there-

after in a telephone conversation between Mr. Eugene Haskins, Ted Kienstra, Jr., officers and employees of the plaintiff company, and James Williams and Mr. Hoel, officers and employees of defendant Hoel-Steffen Construction Company, the defendant Hoel-Steffen Construction Company agreed to guarantee payments for the job, if plaintiff would continue to supply concrete. Hoel-Steffen Construction Company officers were advised that the total amount due was approximately $17,000, which was more than the plaintiff's total bill at that time against Jeffrey Wolfson.

8. Of the total amount due, it is agreed that $9,176.56 was furnished by the plaintiff to Wolfson prior to December 31, 1971, and that $11,971.68 was furnished after December 31, 1971. Defendant Hoel-Steffen Construction Company and its surety have agreed to pay $11,971.68 in full settlement of the entire claim.

9. Defendant Finish Concrete Company has not filed an answer and is in default.

### Conclusions of Law

1. This Court has jurisdiction of this matter, pursuant to the Miller Act, 40 U.S.C. § 270b.

2. Defendants are trying to rely on the defense of estoppel, relying on Kansas City Marble & Tile Co. v. Penker Construction Co., 86 F.2d 287 (4th Cir. 1936), and United States v. Monaco and Son, Inc., 336 F.2d 636 (4th Cir. 1964). While this defense was not pleaded by the defendants, it is not a proper defense under the circumstances of this case for the reason that defendant Hoel-Steffen Construction Company did not rely on the lien waiver and was aware that a lien waiver did not apply to the Miller Act material furnished.

3. In order for a lien waiver to be effective, it must be specific since the Miller Act is liberally construed to protect furnishers of supplies. See, United States for the Use of Friedrich Refrigerators, Inc., v. Forrester, 441 F.2d 779 (5th Cir. 1971); United States for the Use of Pomona Tile Manufacturing Co. v. David L. Kelley Tile Co., 456 F.2d 148 (9th Cir. 1972); United States for the Use and Benefit of Clark-Fontana Paint Company v. Glassman Construction Company, 397 F.2d 8 (4th Cir. 1968). Additionally, Hoel-Steffen Construction Company's promise to pay the entire amount after the lien waiver was received, if the plaintiff would continue to furnish materials for the job, is not consistent with the defense of estoppel and any defense of estoppel which they may have had was waived by this promise.

4. Plaintiff is entitled to a joint judgment in the sum of $21,148.24 against all defendants. Pre-judgment interest will not be allowed.